George Edward HARPER, Mary Joe Sill Harper, and John Paul Potter, Petitioners,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma and the Honorable Clarence Mills, Presiding Judge, Respondents.

No. A–16476.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Robert A. Jackson and Murray Cohen, Oklahoma City, for petitioners.

Curtis P. Harris, Dist. Atty., W. Howard O'Bryan, Dick Blakely, Asst. Dist. Atty., for respondent.

BRETT, Judge.

This is an original proceeding wherein petitioners are seeking an alternative writ to prohibit the interruption of their preliminary examination; and the reassignment of that examination to another magistrate. This raises the question: "Can a District Judge interfere in a preliminary examination, already commenced; and by an ex parte order, on the motion of the prose-

cutor, dismiss the information for refiling?" We conclude that the District Judge has no authority to do so.

On February 22, 1971, this Court assumed jurisdiction and set the petition down for hearing on March 21, 1971. The respondents were represented by the District Attorney's office, and petitioners were represented by their counsel. The District Attorney's Response moved for a dismissal for the reason that Curtis P. Harris, District Attorney for Oklahoma County, was improperly shown as "Respondent"; but petitioners were permitted to amend their petition to name the proper parties as respondents.

This matter arose when District Court Information No. CRF–70–2898, charging defendants with Possession of Marihuana, was assigned to Special Judge Stewart Hunter for preliminary examination, which was set to be had on November 4, 1970. By agreement the examination was reset for November 30, 1970, when it was commenced. The defendants presented their Motion to Suppress Certain Evidence, premised upon an allegedly illegal search warrant. The state was permitted to offer, out of order, the testimony of the chemist; and at five o'clock P.M. the hearing was adjourned until February 5, 1971. On that date defendants offered additional testimony to support their motion, and the state offered certain testimony in resistance to defendants' motion. The examining magistrate took the Motion to Suppress under advisement, and heard the remainder of the evidence relating to the preliminary examination, after which both sides rested. At the conclusion of the examination, the magistrate announced he would enter his decision on the morning of February 19, 1971.

At approximately 8:55 A.M. on the morning of February 19th the District Attorney presented the Examining Magistrate an ex parte order signed on the same day by the Honorable Clarence Mills, Presiding Judge for the District Court, which purportedly dismissed case No. CRF–70–

2898. The pertinent part of the Motion to Dismiss states the following:

"Comes now Curtis P. Harris the duly elected, qualified and acting District Attorney, District No. 7, Oklahoma County, State of Oklahoma, and moves the court to dismiss the above entitled cause for the following reasons, to-wit:

*Conflict of law and to best meet the ends of justice. To be refiled today.*"

(Italicized portion was typewritten addition to the printed form.)

On the same day, February 19, 1971, petitioners filed this petition seeking to prohibit the District Court action. Both sides were permitted to file briefs concerning the authority of the District Judge to interfere with a preliminary examination already commenced.

I.

Article II, § 17, of the Oklahoma Constitution provides, in part:

" * * * No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. * * *"

Title 22 O.S.Supp.1970, § 162, provides who may sit as magistrates, as follows:

"The following persons are magistrates:

First. Justices of the Supreme Court. Second. Judges of the Court of Criminal Appeals. Third. Judges of the Court of Appeals. Fourth. Judges of the District Court, including associate district judges and special judges."

The present legislative qualifications for magistrate places a judicial quality to that position, in contrast to its former "quasi-judicial" nature, existent when the former Justice of the Peace played the predominant role as magistrate for preliminary examinations. When the Oklahoma Judiciary was reorganized by Constitutional Amendment, the office of the Justice of the Peace was eliminated; and our system of jurisprudence was advanced to a higher plane.

Consequently, trained and qualified lawyers have become the criteria for judicial position including that of magistrate. With this improvement, the position—formerly exercised under the "Common Law Magistrate" concept—has taken on a new quality.

This fact was considered when the decision was rendered, after deliberate consideration in: Jones v. State, Okl.Cr., 481 P.2d 169 (1971). In that case it seemed apparent that the prosecutor was purposely following the old procedures—which existed under the "J. P. System"—because of the adverse decision, and only because the statute authorized a refiling of the information. There was no question concerning the magistrate's full consideration of the evidence offered to show probable cause, for the offense charged; instead, it seemed apparent that it was refiled only because the state was insistent that the case be put to trial, notwithstanding the evidence presented. Hence, a second identical information was filed, supported by the same identical evidence. In short, the state was "shopping around" for a favorable decision.

It seems obvious, if this procedure is to continue it will defeat the purpose of the Judicial Reorganization; and continue to lessen the quality of constitutional justice rendered. It also tends to make a mockery of the meaning of "due process of law"; and appears to place the District Attorney in a dictatorial position, in relation to the judiciary.[1] It has long been one of the functions of the prosecutor, that he is to seek justice in accordance with due process, not merely to convict the accused.[2]

■ Article II, § 7, of the Oklahoma Constitution guarantees the right of due process of law. The Supreme Court stated in Dodds v. Ward, Okl., 418 P.2d 629 (1966):

"By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief."

■ In Nicodemus v. District Court of Oklahoma County, Okl.Cr., 473 P.2d 312 (1970), this Court said:

"The preliminary examination is a stage of the criminal procedure apart from, and prerequisite to, the proceedings in the trial court after arraignment."

■ In Flint v. Sater, Okl.Cr., 374 P.2d 929 (1962), this Court held the following:

"In cases involving a felony it is fundamental that the accused must be taken before a magistrate * * * for a preliminary hearing (instituted by complaint), who must conduct an examination, if the same be not waived, as hereinbefore set forth. * * * [A]nd if he be held to answer a charge of the commission of a public offense, he shall endorse the same on the complaint. * * [A]nd the accused shall be held for proceedings in the district court upon indictment returned by a grand jury, which proceeding is not involved herein. *We know of no other way that a district court can acquire jurisdiction of a felony charge.* * * * 'The jurisdiction of the district court rests upon the findings of

---

1. For what it may be worth, within the past two years, it has been reported individually to members of this Court, that on occasions—when the examining magistrate indicated his ruling would probably be adverse to the prosecution because of the insufficiency of the evidence to show probable cause—the Assistant District Attorney openly announced, "If that's to be Your Honor's ruling, I'll just refile this charge before another magistrate." Such activity was most apparent, and from the newspaper accounts became common knowledge during the "J. P. Days". We would point out however, that under the Judicial Reorganization Plan we are operating in a "different league". In baseball vernacular, we have moved up from the "Minor League" to the "Major League".

2. See: ABA Standards: The Prosecution Function and the Defense Function: Institute of Judicial Administration, March 1970, Par. 1.1(c).

a magistrate in a preliminary hearing.' * * * " (Emphasis added, and citations omitted.)

Under the present procedures, a preliminary information is filed instead of a complaint, and may continue as the information in the district court.

It is argued that all informations are filed in the district court, because under the reorganization plan there exists but one trial court; and once the information is filed, the district judge possesses administrative authority to control its process. This is true, pertaining to the administrative procedures required to assure the proper administration of justice; however, the impact of the district attorney's brief is, that because the Presiding Judge of the administrative district is authorized by 20 O.S.Supp.1970, § 24, and the Rules of the State Supreme Court to exercise general administrative authority and supervision over all courts within the district, he possessed the authority to issue the "Dismissal Order", with which we are herein concerned. However, as we view Title 20, O.S.Supp.1968, § 95.7, such authority does not exist. That section of the statute provides, in part:

"A Judge to whom a case has been assigned has continuing authority over it, including the determination of post-trial motions, until its final disposition * * *."

It will be conceded that such administrative authority as does exist, including the power to assign a case, ends over the case when the examining magistrate commences to exercise his authority in the conduct of the preliminary examination. After those proceedings are commenced, the administrative authority is "suspended" subject to the results of the preliminary examination. At the conclusion of that examination the district judge's administrative authority assumes one of two conditions: Jurisdictional or clerical direction. When the accused is bound over to stand trial, the administrative procedures established to fulfill the statutory requirements for arraignment, trial, etc., become operative. However, when the information is dismissed those procedures established for clerical direction, in the court clerk's office, become operative.

■ It is further argued in the district attorney's brief that the examining magistrate is functioning as a "Magistrate" not as a "Judge"; and consequently, in such position he is subject to the Presiding Judge's directives. This is true so far as administrative directives are concerned, but not as to judicial decisions, or as herein asserted "quasi-judicial" decision. It is to be remembered that the first prerequisite for a magistrate is that he be a judge as enumerated in the statutes. Also, that it has been determined that the preliminary examination may be a critical stage of the trial. Therefore, to paraphrase the statement of Chief Justice Burger: "Total and absolute independence of judges is imperative in deciding cases, or in any phase of the decisional function." See: Chandler v. Judicial Council of Tenth Circuit of United States, 398 U.S. 74, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970).

It is also observed that this Court held in Nicodemus v. District Court of Oklahoma County, *supra*:

"While an examining magistrate is governed by appropriate and lawful rules of the district court, as well as general rules of law, he must be governed by law and must not be restricted in making his rulings by any local directives from the judges of the district court."

■■ We therefore hold that once the examining magistrate commences to exercise his authority in the conduct of a preliminary examination, he shall have continuing authority over it until its final disposition; and neither the Presiding Judge nor any other judge wielding "administrative power" may dismiss the information for refiling and reassignment to another magistrate. We hold further, that any motion to dismiss the information, filed during the progress of the preliminary examination prior to the magistrate's decision,

must be presented for final disposition to the examining magistrate conducting the preliminary examination; and only if that magistrate be unavailable due to illness, retirement, or leaving office, may the administrative judge assign another judge to the case. "No interest in efficiency in the courts can be allowed to sanction interference with the judges' complete independence in the performance of their *judicial* duties." [3]

## II.

Having determined that the examining magistrate has full ·authority to conclude a preliminary examination, once the proceedings are commenced; we feel it necessary to provide some clarification of the decision in Jones v. State, *supra.* We did not intend, nor does that decision provide for any lessening of the examining magistrate's discretion in the conduct of a preliminary examination. We held therein:

"[W]hen a magistrate at a preliminary examination rules the evidence insufficient to hold the defendant for trial, neither that magistrate nor any other magistrate should entertain ANOTHER FILING against the same defendant for the SAME OFFENSE unless the State makes an offer of additional evidence or proves other good cause to justify another preliminary examination." (Emphasis added)

Title 22 O.S.1961, § 254, provides with reference to preliminary examinations:

"The examination must be completed at one session *unless the magistrate for good cause adjourn it.*" (Emphasis added)

 It was not intended, nor is it expected, in order to show probable cause, that in all cases the prosecution must present its entire case before the examining magistrate. That is a decision to be reached by the district attorney, and in some cases such may happen; however, in the event the prosecutor miscalculates and fails to present sufficient evidence to show probable cause to bind over the accused, but possesses other witnesses whose testimony would strengthen his showing, it is clearly within the discretion of the examining magistrate to grant the state· a continuance for that purpose. However, it is presumed that the additional witnesses, or other evidence, are reasonably available; and that a continuance will not be sought in order to conduct further investigation seeking that evidence, in a dilatory manner.

 We therefore hold that granting the state a continuance at a preliminary examination is within the discretion of the examining magistrate. We point out further, that the Jones v. State, *supra,* decision does not preclude the district attorney from offering for further consideration—a charge—which was dismissed at an earlier preliminary examination, when additional newly discovered evidence is later obtained; meaning however, such evidence that with due diligence could have been available at the first preliminary examination. That decision merely requires that the prosecutor may not take his dismissed case—with the same evidence—refile it—and submit it to a magistrate more likely to be favorable. That decision requires that the first magistrate, who considered the information and evidence; and rendered a decision; shall consider the good cause offered and the new evidence, in relation to that upon which his earlier decision was premised. In short, for good cause shown, and subject to the presentment of new evidence, the charge may be refiled. Jones v. State, *supra,* provided:

"Upon refiling a prosecution, the State must bring it before the same magistrate who dismissed the charge, or in his absence, another magistrate setting forth [1] the dismissed case number, [2] date, [3] magistrate [who dismissed the charge], and [4] the additional evidence or other good cause to be offered."

3. See: "The Improvement of the Administration of Justice" ABA, Fourth Ed., 1961, p. 18.

That decision does not require an additional full preliminary examination, but instead it provides for the magistrate to re-examine the prior dismissal in relation to the new evidence offered; and he must be convinced that the dismissal has been overcome by competent evidence. This presupposes that the magistrate shall, if necessary, conduct a hearing on the re-examination of the dismissal, either before or after, the good cause and new evidence is offered. Therefore, in the event the accused is bound over to stand trial, we hold that the magistrate shall set forth his conclusions for probable cause; and the full record of preliminary examination shall become a part of the record on appeal, and shall be subject to review when the appeal is considered.

We hold further, beyond the review of the preliminary examination set forth above, and as provided for in Jones v. State, *supra,* there is no other review of the preliminary examination to be conducted, except for that set forth in Title 22 O.S.1961, § 1053, which provides for appeals taken by the State to the Court of Criminal Appeals.

Therefore, having fully considered this matter, and being fully advised in the premises, we find that petitioners are entitled to issuance of the alternative writ of prohibition as prayed for.

It is therefore ordered, that the District Court of Oklahoma County is hereby prohibited from interfering in the preliminary examination in case No. CRF–70–2898, and it is further ordered that the District Court order of February 19, 1971, dismissing that case for refiling shall be vacated and set aside; and case No. CRF–70–2898 shall be remanded to the examining magistrate, Judge Stewart Hunter, for his decision and disposition thereof, in accordance with the provisions contained herein.

Writ granted.

NIX, J., concurs.

BUSSEY, P. J., dissents.