STATE of Utah, Plaintiff and Appellee,

v.

Servando PARRA, Defendant
and Appellant.

No. 971697–CA

Court of Appeals of Utah.

Dec. 24, 1998.

Randall T. Gaither, Salt Lake City, for Appellant.

Jan Graham and Barnard N. Madsen, Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and ORME, J.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant Servando Parra appeals his convictions for three counts of aggravated assault, all third degree felonies, in violation of Utah Code Ann. § 76–5–103 (1995), one count of carrying a concealed dangerous weapon used in the commission of a crime of violence, a second degree felony, in violation of Utah Code Ann. §§ 76–10–504(3) and 76–10–501(2) (1995), and one count of criminal mischief, a third degree felony, in violation of Utah Code Ann. § 76–6–106 (1995). We affirm.

## BACKGROUND

While parked at a convenience store in Salt Lake City, the victims in this case noticed occupants of another vehicle, driven by defendant, staring at them. After leaving the convenience store and entering I–15, the defendants, along with a second vehicle, began following the victims. As they approached Farmington, the vehicles pulled along either side of the victims' car and the occupants began yelling and flashing gang signs. One of the occupants then began firing shots from defendant's car, striking the victims' rear tire and passenger door.

The victims pulled over to the side of the highway where a police officer was making a routine traffic stop. After reporting the incident and providing a description of the vehicles and occupants to the officer, the officer contacted the police dispatcher and requested police units be on the lookout for the suspects. One officer positioned himself at the northbound entrance of the freeway to watch for the vehicles. When the officer spotted a car matching the description, he began pursuing the car without activating his emergency lights and reached a speed in excess of 85 miles per hour. Defendant signaled once as though he was going to exit the freeway, and then swerved back onto the freeway. When defendant finally exited the freeway and pulled into a residential driveway, the officer pulled behind defendant's vehicle and activated his emergency lights. Defendant and a passenger exited the vehicle, and the officer ordered them to stop; however, the passenger ran into the house.

Backup eventually arrived and the officers ordered the remaining passengers out of the car and placed them in custody. The officers then conducted a pat down search of defendant, finding eight rounds of ammunition in his coat pocket. The officers also noticed, in plain view, several rounds on the vehicle's center console.

An officer escorted one of the victims to the scene where he identified defendant's vehicle as the one from which the shots were fired. The officers then ordered defendant and his passengers to stand in a line so that the victim could observe them. The victim immediately identified the defendant as the driver of the car. The officers then transported the car back to Davis County and during a subsequent search, discovered a revolver under the driver's seat matching the slug recovered from the victims' vehicle.

Defendant was charged with three counts of aggravated assault, one count of carrying

a concealed dangerous weapon used in the commission of a crime of violence, and one count of criminal mischief. Before trial, defendant filed two suppression motions: one to suppress the revolver seized from the car he was driving; and the second to suppress the victim's pretrial identification of him at the scene of his arrest. The trial court denied both motions and also refused defendant's request to give various lesser included offense instructions. On appeal, defendant asserts that the trial court erred in (1) denying his motion to suppress the revolver, (2) denying defendant's motion to suppress the pretrial identification of him, and (3) refusing defendant's request to give lesser included offense instructions.

## ANALYSIS

### 1. Warrantless Search

■ Defendant challenges the trial court's denial of his motion to suppress the revolver. He argues that the police conducted an illegal warrantless search of his vehicle in violation of the Fourth Amendment, without probable cause or exigent circumstances. We review the factual findings underlying the trial court's decision to grant or deny a motion to suppress under a clearly erroneous standard, and review the legal conclusions for correctness. *See State v. O'Brien,* 959 P.2d 647, 648 (Utah Ct.App.1998).

■ Defendant's main contention is that the trial court erred in determining that exigent circumstances justified a warrantless search of his vehicle. Under Utah law "[e]xigent circumstances exist when the car is movable, the occupants are alerted [to the presence of law enforcement], and the car's contents may never be found again if a warrant must be obtained .... [or] when the safety of police officers is threatened." *State v. Anderson,* 910 P.2d 1229, 1237 (Utah 1996) (citations omitted). Here, when the officer pulled in behind defendant's car and activated his emergency lights, defendant's vehicle was clearly "movable" as the keys remained in the ignition. Naturally, the flashing emergency lights alerted the defendant to the presence of the police. Moreover, although they initially located no firearms, the officers

found ammunition in the defendant's coat pocket and observed several rounds in his car. This evidence coupled with the fact that the officers had received a report that a vehicle similar to defendant's had been involved in a drive-by shooting, could have led the officers to reasonably believe that the vehicle contained a revolver which could pose a threat to their safety. Thus, we hold that the trial court did not err in determining that sufficient exigent circumstances existed justifying the warrantless search of defendant's vehicle.

■ In addition, defendant asserts that the trial court erred in ruling that the police had probable cause to search his vehicle. However, defendant's brief contains no legal analysis or authority to support his argument. Defendant simply makes the bald assertion that no probable cause existed. It is well established that a reviewing court will not address arguments that are not adequately briefed. *See State v. Bishop,* 753 P.2d 439, 450 (Utah 1988); *Burns v. Summerhays,* 927 P.2d 197, 199 (Utah Ct.App. 1996). Therefore we affirm the trial court's ruling on this ground.

Although defendant claims that the police were required to obtain a warrant before transporting his car back to Davis County to conduct the search, this argument fails because both probable cause and exigent circumstances existed here. The law is well settled that "as long as [the] police had probable cause to search and exigent circumstances existed at the time the automobile was stopped and seized, a warrantless search conducted sometime later at a secure location ... [does] not offend the Fourth Amendment." *Anderson,* 910 P.2d at 1238.

### 2. Eyewitness Identification

■ Defendant further argues that introduction of the eyewitness's identification violated his right to due process of law under article I, section 7 of the Utah Constitution and the Fourteenth Amendment to the United States Constitution because the identification was unreliable. "The constitutionality of an identification procedure presents a mixed question of fact and law." *State v. Mincy,* 838 P.2d 648, 657 (Utah Ct.App.1992). On

review, we give no deference to the trial court's determination that defendant's due process rights were not violated; however, we presume that the factual findings underlying that determination are correct. *See id.* In *State v. Ramirez*, 817 P.2d 774, 781 (Utah 1991), the Utah Supreme Court set forth the following factors that a court must consider in evaluating the reliability of eyewitness identification under the Utah Constitution:

(1) [T]he opportunity of the witness to view the actor during the event; (2) the witness's degree of attention to the actor at the time of the event; (3) the witness's capacity to observe the event, including his or her physical and mental acuity; (4) whether the witness's identification was made spontaneously and remained consistent thereafter, or whether it was the product of suggestion; and (5) the nature of the event being observed and the likelihood that the witness would perceive, remember and relate it correctly.

■ Applying the *Ramirez* factors to this case, we hold that the trial court correctly found that the identification process was reliable. The victim observed the defendant and other suspects at close range for ten or fifteen seconds while traveling on the freeway. Because the defendant pulled alongside the victim, gesturing and shouting, the victim's attention was naturally focused on the defendant. In fact, the victim clearly saw the defendant's clothing. Also, the victim was a passenger in his vehicle, giving him the opportunity to observe the event more closely than if he had been driving. Furthermore, the victim's identification of the defendant has remained consistent. Therefore, we affirm the trial court's conclusion that the identification procedure was reliable and did not violate defendant's due process rights under the Utah Constitution. Because "our article I, section 7 analysis is certainly as stringent as, if not more stringent than, the federal analysis" we find it unnecessary to perform a separate federal analysis. *Ramirez*, 817 P.2d at 784.

■ Defendant also briefly asserts that he was denied the right to have his attorney present at the identification procedure. However, we find no merit in this argument because the identification procedure used here was clearly a showup. *See State v. Poteet*, 692 P.2d 760, 763 (Utah 1984); *Mincy*, 838 P.2d at 655 (stating that showups typically take place at crime scene soon after crime is committed whereas lineups usually occur at police station a considerable time after commission of crime). A suspect is not entitled to counsel at a showup identification procedure. *See Mincy*, 838 P.2d at 655.

### 3. Lesser Included Offense Instructions

■ Finally, defendant contends that the trial court erred in refusing to instruct the jury that simple assault and threatening or using a dangerous weapon in a fight or quarrel are lesser included offenses of aggravated assault. Also, defendant argues that the jury should have been instructed that carrying a loaded firearm is a lesser included offense of carrying a concealed weapon. We review a trial court's refusal to give a jury instruction for correctness. *See State v. Hamilton*, 827 P.2d 232, 238 (Utah 1992).

In *State v. Baker*, 671 P.2d 152, 159 (Utah 1983), the Utah Supreme Court formulated a two-part analysis for determining whether to grant a defendant's request for jury instructions on a lesser included offense. First, the court must compare the statutory elements of the crimes and determine whether the elements overlap. *See id.* Second, it must determine whether a rational basis exists on which the jury could acquit the defendant of the offense charged while convicting him of the alternative offense. *See id.* Defendant argues that under the *Baker* analysis, he was entitled to jury instructions on simple assault, threatening or using a dangerous weapon in a fight or quarrel and carrying a loaded firearm.

### A. Threatening or Using a Dangerous Weapon in a Fight or Quarrel

■ Defendant contends the trial court erred in not allowing a jury instruction on what he claims is the lesser included offense of threatening or using a dangerous weapon in a fight or quarrel. Section 76–10–506 provides that:

Every person, except those persons described in Section 76–10–503, who, not in necessary self defense in the presence of two or more persons, draws or exhibits any dangerous weapon in an angry and threatening manner or unlawfully uses the same in any fight or quarrel is guilty of a class A misdemeanor.

Utah Code Ann. § 76–10–506 (1995). At the time of the drive-by shooting, the defendant was not acting in "necessary self-defense" nor was he involved in a "fight or quarrel." Furthermore, the defendant stipulated that the bullet found in the side of the victim's car was fired from the revolver found under his seat and therefore, he did not merely "draw or exhibit" the revolver. Accordingly, we conclude that no rational basis exists for a verdict convicting the defendant of threatening or using a dangerous weapon in a fight or quarrel. Consequently, the trial court did not err in refusing to give this instruction.

### B. Assault

■ Defendant further argues that the trial court should have instructed the jury on the lesser included offense of assault. Unlike assault, aggravated assault requires that the defendant use a dangerous weapon. *See* Utah Code Ann. § 76–5–103 (1995). It is undisputed that the bullet found in the side of the victim's car was fired from the revolver found under the defendant's seat. Thus, we agree with the trial court's determination that if an assault occurred, "it was an aggravated assault because the assault itself was a result of the use of a deadly weapon." Therefore, there would have been no rational basis for finding the defendant guilty of assault if he was found innocent of aggravated assault. Therefore, we hold that the trial court did not err in refusing to instruct the jury on this lesser included offense.

### C. Carrying a Loaded Firearm

■ Defendant's final argument is that the trial court erred in refusing his request for an instruction which characterized carrying a loaded firearm in a vehicle as a lesser included offense of carrying a concealed weapon. Under Utah Code Ann. § 76–10–504(1) (1995), a person may be convicted of carrying a concealed dangerous weapon if "the dangerous weapon is a firearm and contains ammunition ... or if the dangerous weapon is a firearm and is used to commit a crime of violence...." The revolver used in this case must have contained ammunition in order to fire a slug into the victims' car door. Furthermore, firing shots at another car while traveling along the freeway is undoubtedly a crime of violence. Therefore, there is no rational basis for acquitting defendant of carrying a concealed dangerous weapon and convicting him instead of simply carrying a loaded firearm in a vehicle. Thus, the trial court did not err in refusing defendant's request.

### CONCLUSION

We conclude that sufficient probable cause and exigent circumstances justified the warrantless search of defendant's vehicle. In addition, we hold that the pretrial identification procedure was reliable and did not violate defendant's due process rights under either the state or federal constitution. Finally, we find no error in the trial court's refusal to give defendant's proposed lesser included offense instructions. Thus, we affirm defendant's convictions.

Affirmed.

JAMES Z. DAVIS, Presiding Judge, and GREGORY K. ORME, Judge, concur.