2000 Utah Ct. App. 48

**STATE of Utah, Plaintiff and Appellee,**

v.

**Anna Marie MORGAN, Defendant and Appellant.**

No. 990377–CA.

Court of Appeals of Utah.

Feb. 25, 2000.

Kevin J. Kurumada, Salt Lake City, for Appellant.

Jan Graham and Keith Wilson, Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and WILKINS.[1]

## OPINION

WILKINS, Judge:

¶ 1 Defendant Anna Marie Morgan appeals from a conviction of one count of possession of a controlled substance, methamphetamine, with intent to distribute, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iii) (1998), and one count of possession of a controlled substance, marijuana, a class B misdemeanor, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (1998). We reverse.

## BACKGROUND

¶ 2 The defendant was charged with a single second degree felony count of possession of methamphetamine, a controlled substance, with intent to distribute, and a single misdemeanor count of possession of a different controlled substance, marijuana. At the preliminary hearing on these charges, the state had two witnesses available. One was

---

1. Justice Wilkins heard the arguments in this case and participated in its resolution prior to his swearing-in as a member of the Utah Supreme Court.

the arresting officer, Officer Lindquist; the other was Detective Hansen. Both were sworn as the hearing began, but only Lindquist was called to testify by the State. Apparently believing that sufficient evidence had been adduced through the testimony of the arresting officer, the prosecutor did not call or examine his other witness.

¶ 3 The magistrate concluded that insufficient evidence had been presented to bind the defendant over on the charge of possession of methamphetamine with intent to distribute, and instead amended the charge to simple possession, and bound the defendant over on that charge. Upon hearing the magistrate's decision, the prosecutor indicated that he had assumed the arresting officer's testimony would be sufficient, and sought to introduce the additional testimony of Detective Hansen who was still present in the courtroom and already sworn. The magistrate denied this request, apparently on the grounds that having already entered the bindover order, he had no further jurisdiction in the matter, it having devolved upon the district court.

¶ 4 The State sought to reopen the hearing, or in the alternative to have the magistrate dismiss the charges so that they could be refiled for purposes of obtaining a new preliminary hearing. The magistrate denied the motion to reopen the preliminary hearing, but granted the motion to dismiss the charges without prejudice to the State's opportunity to refile.[2]

¶ 5 The prosecutor filed a new information charging possession of methamphetamine with intent to distribute and possession of marijuana, the same charges as originally filed against the defendant. A new preliminary hearing was held before the same magistrate, and both the arresting officer, Lindquist, and the other witness, Detective Hansen, testified. No additional witnesses were presented by the State. Based upon this testimony, the magistrate bound the defendant over on both charges. Before the district court, defendant moved

to quash the bindover order, which motion was denied.

¶ 6 A jury found defendant guilty. Defendant appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 On appeal, the defendant raises two issues. First, defendant claims that the trial court erred in denying her motion to dismiss the bindover order. Second, she claims ineffectiveness of trial counsel. Inasmuch as we reverse on the first issue, we need not reach the second.

■ ¶ 8 The trial court's decision to deny defendant's motion to dismiss is subject to a bifurcated standard of review: the court's factual findings are reviewed for clear error, and the legal standard applied by the trial court is reviewed for correctness. "On review, we give no deference to the trial court's determination that defendant's due process rights were not violated; however, we presume that the factual findings underlying that determination are correct." *State v. Parra*, 972 P.2d 924, 926–27 (Utah Ct.App. 1998).

## ANALYSIS

■ ¶ 9 The issue presented by the defendant is relatively simple: Under circumstances such as those presented here, is the prosecutor at liberty under Utah law to refile the charges against the defendant in order to secure a second preliminary hearing? Our answer is that the prosecutor is not.

¶ 10 Our decision turns on our understanding of *State v. Brickey*, 714 P.2d 644 (Utah 1986). *Brickey* arose under similar circumstances. Keith Brickey was charged with forcible sexual assault. At the first preliminary hearing on the charge, the prosecutor called the victim as a witness and presented her testimony relating to the charge. At the close of the evidence, the defense moved to dismiss citing the State's failure to introduce any evidence that Brickey had acted without the victim's consent, an element

---

2. No explanation is offered for the inconsistency in the magistrate's initial belief that he had no further jurisdiction to reopen the preliminary hearing, and his later implicit conclusion that he retained enough authority to dismiss the charges.

necessary for establishing a prima facie case. The magistrate agreed and dismissed.

¶ 11 The prosecutor in *Brickey* subsequently refiled the charge and a second preliminary hearing was conducted before a different magistrate. The victim again testified, as did her father, who had been present during the first hearing but was not called to testify. Brickey objected to the second preliminary hearing in part on the ground that the father's testimony did not constitute "new evidence" since what he testified to was known to the prosecutor at the time of the first hearing, and the father had then been present in the courtroom. The magistrate disagreed, and bound defendant over. The district court also disagreed, denying Brickey's motion to quash the bindover.

¶ 12 The supreme court, however, agreed with Brickey that "due process considerations prohibit a prosecutor from refiling criminal charges earlier dismissed for insufficient evidence unless the prosecutor can show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling." *Id.* at 647. In a footnote, the supreme court also noted that the Oklahoma Court of Criminal Appeals, whose analysis it followed, had held in *Harper v. District Ct.*, 484 P.2d 891 (Okla.Crim.App.1971), that good cause to continue a preliminary hearing for further investigation might exist when a prosecutor innocently miscalculates the quantum of evidence required to obtain a bindover and further investigation clearly would not be dilatory. *See Harper*, 484 P.2d at 897.

¶ 13 In this case, the State urges us to adopt a broad reading of "other good cause" justifying refiling, and relies upon the claim of innocent miscalculation of the quantum of evidence required to bind the defendant over. The State correctly notes that improper forum shopping has been avoided in this instance by both preliminary hearings being held before the same magistrate. As such, it argues, the only issue is whether or not good cause for refiling exists here.

¶ 14 The State makes no claim that the testimony elicited from Detective Hansen at the second preliminary hearing differs in any way from what he would have given if called at the first hearing. The testimony of Officer Lindquist at the second hearing contained no suggestion of new or previously unavailable evidence. The only difference in the State's case at the two preliminary hearings seems to be the failure to call the present and sworn detective at the first, and absence of that failure at the second. No claim of evidence presented at the second hearing as having been the result of further investigation has been made, nor has there been any other suggestion that the evidence given by Detective Hansen at the second preliminary hearing was in any way new or unavailable at the first hearing.

■ ¶ 15 Our reading of *Brickey* does not support the State's argument. *Brickey* prohibits a prosecutor from refiling criminal charges, once dismissed for insufficiency of evidence, *unless* the prosecutor can show that either (1) new or previously unavailable evidence has surfaced, or (2) that other good cause exists to justify refiling. The State does not claim, nor could it, that new or previously unavailable evidence surfaced between the first preliminary hearing and the refiling of the charges against the defendant. Furthermore, given this first and most direct requirement, it seems illogical to suggest that evidence that was both *known* and *available* at the first preliminary hearing could constitute "other good cause." Other good cause, as described in *Brickey*, must at a minimum be something beyond the introduction of a witness who was present in the courtroom, sworn, and ready to testify at the first preliminary hearing, whose testimony is known at the time and does not change in any material way after the initial bindover is dismissed.

■ ¶ 16 *Brickey* has long been regarded as a meaningful limitation on the refiling of charges. The circumstances of this case, if treated as "good cause" for refiling, would simply eviscerate that limitation. Consequently, until and unless our supreme court directs otherwise, the innocent miscalculation of the quantum of evidence required to obtain a bindover is not grounds for refiling the dismissed charges unless new or previously

unavailable evidence results from a nondilatory investigation prompted by realization of the miscalculation.

## CONCLUSION

¶ 17    Due process considerations prohibit a prosecutor from refiling criminal charges against a defendant when the prosecutor has available in court at the preliminary hearing sufficient evidence to support the bindover, but fails to present it to the magistrate. Once the magistrate dismisses the bindover for insufficient evidence, the prosecutor must be able to show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling.    Evidence or witnesses previously known, available and unpresented by the prosecutor without justification do not constitute good cause.

¶ 18    Defendant's conviction is reversed.

¶ 19    I CONCUR: GREGORY K. ORME, Judge.

GREENWOOD, Presiding Judge
(dissenting):

¶ 20    I respectfully dissent from my colleagues.    The majority opinion accurately sets forth the relevant facts and applicable law; however, I conclude the facts of this case demonstrate that the State innocently miscalculated the quantum of evidence required by the magistrate for bindover and as such provided "other good cause" as referred to in *State v. Brickey*, 714 P.2d 644, 647 (Utah 1986).

¶ 21    While the facts of this case are similar to those in *Brickey*, they do not present any of the due process problems identified therein.    In this case, immediately after the magistrate stated there was insufficient evidence to bind defendant over on the distribution charge, the prosecutor asked to reopen the preliminary hearing and present Detective Hansen's testimony.    When the magistrate denied the prosecutor's request to reopen the preliminary hearing and dismissed the charges, the prosecutor promptly refiled the charges and a new preliminary hearing occurred before the same magistrate, as required by *Brickey*.    *See id.*    Therefore, there

is no evidence of either harassment of defendant or forum shopping by the prosecutor.

¶ 22    The State does not assert that Detective Hansen's testimony constitutes new or previously unavailable evidence, arguing instead that this situation falls under the "other good cause" prong of the *Brickey* test. Neither *Brickey* nor later Utah decisions specifically describe what situations constitute "other good cause" justifying a prosecutor's decision to refile charges.    However, *Brickey* suggests that "good cause to continue a preliminary hearing for further investigation might exist when a prosecutor innocently miscalculates the quantum of evidence required to obtain a bindover and further investigation clearly would not be dilatory." *See id.* at 647 n. 5 (discussing holding in *Harper v. District Ct.*, 484 P.2d 891 (Okla. 1971)); *see also Walker v. Schneider*, 477 N.W.2d 167, 175 (N.D.1991) (explaining good cause may include innocent miscalculation of amount of evidence by prosecutor).    On this basis, it is likely the magistrate could have reopened the preliminary hearing and heard additional evidence.

¶ 23    In my view, the magistrate and subsequently the trial court properly determined that, under the facts of this case, the "other good cause" prong of the *Brickey* test was satisfied, thus allowing refiling charges.    Although the basis of Detective Hansen's testimony was known by the prosecutor and available at the time of the first preliminary hearing, the evidence was qualitatively different than the evidence actually presented at the first preliminary hearing.    Detective Hansen's testimony supplied the magistrate with the foundation necessary to assess whether the amount of drugs found in defendant's car met probable cause requirements for the distribution charge.    The prosecutor had initially innocently miscalculated the need for both officers' testimony, assuming that Officer Lindquist's testimony would be sufficient.    As noted in *Brickey*, double jeopardy provisions did not preclude refiling charges.    *See Brickey*, 714 P.2d at 646.    Only "[c]onsiderations of fundamental fairness" embodied in constitutional protections of due process bar subsequent indictment.    *Id.* at

647. Based on the facts of this case, the magistrate and trial court did not err in concluding that "good cause" justified refiling the charges. Under these circumstances, I believe that refiling the charges did not violate defendant's due process rights and that this case presents a reasonable and logical application of *Brickey*. Therefore, I would affirm.