2001 UT 113

**STATE of Utah, Plaintiff and Appellant,**

v.

**James REDD and Jeanne Redd, Defendants and Appellees.**

No. 20000556.

Supreme Court of Utah.

Dec. 28, 2001.

---

Jan Graham, Att'y Gen., Joanne C. Slotnik, Asst. Att'y Gen., Salt Lake City, William L. Benge, Moab, for plaintiff.

Rod W. Snow, Denver, CO, and Walter F. Bugden, Jr., Salt Lake City, for defendants.

HOWE, Chief Justice.

## INTRODUCTION

¶ 1 The State refiled an information against defendants for violating section 76–9–704(1)(b) of the Utah Code (1995), and filed for the first time charges under section 76–9–704(1)(a), arising from defendants' alleged removal or desecration of ancient human bones at an archeological site. Dismissing both charges, the magistrate held that *State v. Brickey,* 714 P.2d 644 (Utah 1986), combined with the magistrate's interpretation of a Utah Court of Appeals case, *State v. Morgan,* 2000 UT App. 48, 997 P.2d 910, barred refiling of the previously dismissed charge.

## BACKGROUND

¶ 2 In 1996, defendants were charged with one count of abuse or desecration of a dead human body for allegedly disinterring human bones from an ancient Native American burial site near Bluff, Utah. The section under which defendants were charged provides:

(1) A person is guilty of abuse or desecration of a dead human body if the person intentionally and unlawfully:

. . .;

(b) disinters a buried or otherwise interred body, without authority of a court order.

Utah Code Ann. § 76–9–704(1)(b)(1995).[1]

¶ 3 Following a preliminary hearing in March 1997, the magistrate dismissed the

---

1. Revisions to this section effective May 1999 do not affect this appeal. *See* Utah Code Ann. § 76–

charge, reasoning that ancient human remains did not constitute a "dead human body" within the meaning of the statute. The State appealed.

¶ 4 Interpreting the statute, the court of appeals affirmed the dismissal on an alternative ground. *See State v. Redd*, 954 P.2d 230, 233–34 (Utah Ct.App.1998). Focusing on the statute's reference to dead bodies "buried or otherwise interred," the court held that this phrase required proof that the body had been intentionally deposited "into a place designated for its repose." *Redd*, 954 P.2d at 234. The court concluded that the State had not adduced evidence that the human remains had been "previously buried or otherwise interred." *Id.* at 236. Based on its interpretation of the statutory elements, the court affirmed the magistrate's dismissal of the charge.[2] *Id.*

¶ 5 In June 1998, the State refiled charges against defendants under subsection (1)(b) and then added an additional charge under subsection (1)(a) that specifically referred to "a dead body or any part of it." Utah Code Ann. § 76–704(1)(a), (b) (1995). The two charges tracked the statutory subsections as follows:

(1) A person is guilty of abuse or desecration of a dead human body if the person intentionally and unlawfully;

(a) removes, conceals, fails to report the finding of a dead body to a local law enforcement agency, or destroys a dead body or any part of it;

(b) disinters a buried or otherwise interred dead body, without authority of a court order.

*Id.* § 76–9–704(1)(a),(b).

¶ 6 Defendants moved to dismiss the case, alleging due process violations under *State v. Brickey*, 714 P.2d 644 (Utah 1986). They argued that refiling should not be permitted because the charges were the same and no new evidence had been discovered. Defendants contended that where the State had failed to adduce evidence necessary to establish probable cause for a bindover, good

cause for refiling had not been established. The parties stipulated that the ruling on this motion would be reserved until after the preliminary hearing.

¶ 7 In October 1998, at the preliminary hearing on the refiled charges, the State adduced evidence addressing "inter[ment]," the element that the court of appeals had earlier defined and found the evidence supporting the element lacking. The magistrate then bound defendants over on the original charge of disinterring a buried or otherwise interred body. *See* Utah Code Ann. § 76–9–704(1)(b) (1995). In so doing, the magistrate stated:

Were this magistrate to rule on the *Brickey* issue solely on the basis of the language in *Brickey*, he would consider himself compelled to prohibit further prosecution of defendants. However, the language of footnote 2 of the Utah court of appeals [sic] order on the state's petition for rehearing strongly suggests the creation of an additional *Brickey* exception where the prosecutor failed to recognize the need for proof of an element of the offense. This court takes that language as announcing an intention to create such an exception under the "other good cause" prong of *Brickey* and accordingly denies defendants' motion to dismiss.

¶ 8 However, the magistrate did dismiss the new charge of "remov[ing], conceal[ing] ... or destroy[ing] a dead body or any part of it." *Id.* § 76–9–704(1)(a). In so doing, the magistrate wrote:

There is no evidence that [defendants] destroyed, concealed or removed a body or even a bone. The most that can be said is that they may have moved as many as seventeen bones a few feet. This is not removal, concealment or destruction. Count I is accordingly dismissed.

¶ 9 In response to the dismissal of the "removal" charge, the State filed a petition for permission to file an interlocutory appeal.

9–704 (1999).

2. The State filed a petition for rehearing, focusing on a single narrow legal issue. Although the resolution of that issue has no bearing at this juncture, the court of appeals included a footnote

in its order denying the petition, which stated, "No party to this action should construe our opinion or this order to preclude the State from refiling the charges under the same or a more appropriate subsection of the statute."

The single issue presented was whether the magistrate erred in determining that moving human bones from their place of interment could not, as a matter of law, establish probable cause to believe the bones had been "removed," as that term is used in section 76-9-704(1)(a). The court of appeals granted the petition and then immediately certified the case to this court. We held that the State had shown probable cause to believe the bones had been "removed," as that term is commonly used, and that, consequently, defendants should have been bound over on the charge. *State v. Redd*, 1999 UT 108, ¶ 11, 992 P.2d 986. Accordingly, we reversed and remanded the case back to the magistrate. *Id.* at ¶ 16, 992 P.2d 986. We expressly reserved judgment on whether the State was permitted to refile the [3] information under section 76-9-704(1)(b) as that issue was not properly before us. *Id.* at ¶ 9, 992 P.2d 986. We refer the reader to *State v. Redd*, 1999 UT 108, 992 P.2d 986, for a more particular account of the underlying facts of this case.

¶ 10 Back before the magistrate, defendants moved to dismiss the bindover based on *Brickey*. They argued that the evidence of interment presented by the State at the second preliminary hearing was not new or previously unavailable and did not provide good cause for refiling. Defendants contended that a decision issued by the court of appeals in *State v. Morgan*, 2000 UT App. 48, 997 P.2d 910, effectively precluded interpreting good cause to include an innocent miscalculation of the quantum of evidence necessary to obtain a bindover.

¶ 11 The magistrate agreed with defendants and granted the motion to dismiss both counts of the information. The court stated:

Lack of new evidence and innocent miscalculation as to the evidence required to obtain a bindover are the two areas that *Brickey* and *Morgan* together set forth as insufficient grounds to permit a refiling of charges after dismissal. It is those very claims that the state sets forth in this case. While the practical application of these cases may be unduly restrictive on the

prosecution, in light of *Brickey* and *Morgan*, this court is compelled to grant the Defendants' Motion.

¶ 12 We noted in *Redd* that there was not a *Brickey* question before us at that time. *Redd*, 1999 UT 108 at ¶ 9, 992 P.2d 986. We now address this legal issue.

## ANALYSIS

■ ¶ 13 We must determine whether the magistrate correctly dismissed the two charges against defendants under the *Brickey* rule. In *Brickey* we held that for due process considerations, unless the State offered new or previously unavailable evidence or demonstrated other good cause, charges could not be refiled after a dismissal at a preliminary hearing. *State v. Brickey*, 714 P.2d 644, 647 (Utah 1986). We revisited and refined the *Brickey* rule in *State v. Morgan*, 2001 UT 87, 34 P.3d 767.[4] In *Morgan* we determined that when potential abusive practices are involved, the presumption is that due process will bar refiling. *Id.* at ¶ 16, 34 P.3d 767. Therefore, " 'fundamental fairness,' the touchstone of due process, precludes, without limitation, a prosecutor from seeking an unfair advantage over a defendant through forum shopping, repeated filings of groundless and improvident charges, or from withholding evidence." *Id.* at ¶ 15, 34 P.3d 767. However, we determined that when a prosecutor innocently miscalculates the quantum of evidence necessary to bind over a defendant, due process violations are not necessarily implicated when charges are refiled. *Id.* at ¶ 19, 34 P.3d 767. We therefore held that an innocent miscalculation is a subset of "other good cause" under the *Brickey* rule, allowing refiling, while emphasizing that the miscalculation must be innocent and not used for purposes which would violate due process rights of the defendant. *Id.* In light of this interpretation, we turn to the case before us and address each charge in turn. A proper interpretation of case law is a question of law which we review for correctness, according no deference to the magistrate's legal conclu-

---

3. We refer the reader to *State v. Redd*, 1999 UT 108, 992 P.2d 986, for a more particular account of the underlying facts of this case.

4. We granted certiorari to review the court of appeals' decision in *State v. Morgan*, 2000 UT App. 48, 997 P.2d 910.

sion. *See State v. Morgan,* 2001 UT 87 at ¶ ——, 34 P.3d 767.

## I.  UTAH CODE § 76–9–704(1)(b)

■ ¶ 14  Defendants were initially charged with the violation of section 76–9–704(1)(b), which provides:

> (1) A person is guilty of abuse or desecration of a dead human body if the person intentionally and unlawfully:
>
> . . . ;
>
> > (b) disinters a buried or otherwise interred dead body, without authority of a court order.

Utah Code Ann. § 76–9–704(1)(b) (1995). The magistrate dismissed the charge on the basis that the ancient bones were not a dead body under the statute. The State appealed, and the court of appeals outlined the clear elements of a prima facie case based on the statute. First, the State must show that the dead body was "buried or otherwise interred." *Redd,* 954 P.2d at 234. Second, the State must show that the defendant disinterred the body. *Id.* Third, the State must establish the mens rea that the defendant acted intentionally when he or she disinterred the interred dead body. *Id.* Although not labeled first through third in the statute, the State's experienced legal counsel should have been able to extrapolate these three simple elements and provide evidence sufficient for a bindover.

¶ 15  The court of appeals rebuffed the State's contention that the first element cannot be separate from the second, stating:

> We presume that when the Legislature chose the terms "disinter" and "inter" in its prohibitions, it intended to use both terms as they are normally understood. Accordingly, we must conclude that the Legislature intended this subsection to prohibit the disinterment only of dead bodies shown to have been intentionally deposited in a place of repose. Further, any interpretation that would eliminate the interment requirement would render the language of subsection 76–9–704(1)(a), which specifically prohibits the removal or destruction of any dead body, mere surplusage. *See* Utah Code Ann. § 76–9–704(1)(a)(1995) (prohibiting "intentionally

and unlawfully . . . remov[ing] . . . or destroy[ing] a dead body or any part of it.").

*Id.* at 235.

¶ 16  The court continued that "even viewing the evidence in the light most favorable to the prosecution, there was *no evidence* presented at the preliminary hearing which would support the first required element that the bones . . . had been interred." *Id.* at 235–36 (emphasis added). Moreover, the court also held that "the State called no witnesses, expert or otherwise, to establish that these bones were intentionally deposited in the earth in a place of repose." *Id.* at 236. The court concluded that the "State failed to present a quantum of evidence sufficient to submit the case to a trier of fact on an essential element of the crime charged." *Id.*

■ ¶ 17  While we agree with the court of appeals that the State failed to present evidence on an essential element of the crime, we disagree with the court's conclusion that this is an instance where the State innocently miscalculated the quantum of evidence necessary for a bindover. Indeed, the State failed to provide a scintilla of evidence on the element of interment. We hold that a potentially abusive practice exists where the State refiles a charge when it has been dismissed for the State's failure to provide any evidence on a clear element of the relevant criminal statute, as the record bears out in this instance. Accordingly, the presumption is that the State has violated the due process rights of defendant and is barred from refiling in such an instance excepting new or previously unavailable evidence or other good cause. The State has provided no new or previously unavailable evidence or other good cause to justify refiling section 76–9–704(1)(b) in this case. Our holding is consistent with our decision in *Brickey* where the prosecutor failed to introduce any evidence of an element of forcible sexual assault, and we held that due process rights of the defendant were therefore violated when the prosecutor refiled the charge. *Brickey,* 714 P.2d at 645, 647–48. We affirm the dismissal of this charge.

II.  UTAH CODE § 76–9–704(1)(a)

¶ 18 In *State v. Redd*, 1999 UT 108, 992 P.2d 986, the only issue before us on appeal was the interpretation of section 76–9–704(1)(a), which provides:

·  (1) A person is guilty of abuse or desecration of a dead human body if the person intentionally and unlawfully:

>   (a) removes, conceals, fails to report the finding of a dead body to a local law enforcement agency, or destroys a dead body or any part of it.

Utah Code Ann. § 76–9–704(1)(a) (1995).

¶ 19 As we noted in *Redd*, this subsection is subject to two different readings.

>   First, it can be read as prohibiting only (i) the removal, concealment, or failure to report the finding of an intact body, or (ii) the destruction of an intact body or any part of it. . . . Alternatively, the statute could be read as prohibiting (i) the removal, concealment, failure to report the finding of, or the destruction of (ii) a dead body or any part of it.

*Redd*, 1999 UT 108 at ¶ 12, 992 P.2d 986. For public policy reasons, we concluded that the legislature must have intended the second alternative.  By so doing, we determined that the statute "will protect partial remains of many people buried long ago in crude graves such as pioneers, war dead, or victims of horrendous accidents or crimes."  *Id.* at ¶ 14, 992 P.2d 986.  Reviewing the ample evidence in the record, we concluded that defendants had "removed" parts of a "dead body" and held that the magistrate erred in not binding over defendants for trial under section 76–9–704(1)(a).

██  ¶ 20 As referenced above, in *Morgan* we determined that when potential abusive practices are involved, the presumption is that due process will bar refiling.  *Morgan*, 2001 UT 87 at ¶ 16, 34 P.3d 767.  These potential abusive practices include forum shopping, repeated filings of groundless and improvident charges for the purpose to harass, or withholding evidence.  *Id.* at ¶ 15, 34 P.3d 767.  Earlier in this opinion, *see* ¶ 17 *supra*, we added to the list another potentially abusive practice that would prevent refiling because of due process concerns: A presumptively abusive practice occurs when a prosecutor refiles a charge after providing no evidence for an essential and clear element of a crime at a preliminary hearing.  As with the other potentially abusive practices, the presumption against refiling can be overcome by showing that new or previously unavailable evidence or other good cause justifies refiling.

██  ¶ 21 Turning to the present case, the State has not employed any of these abusive practices relating to the charges filed under section 76–9–104(1)(a).  We held in the previous *Redd* case that the State provided sufficient evidence for a bindover on section 76–9–704(1)(a), and we do not need to reanalyze that issue here.  *Redd*, 1999 UT 108 at ¶¶ 11–15, 992 P.2d 986.  Therefore, we presume that the due process rights of defendants were not implicated by refiling where the State did not employ an abusive practice because "[t]he dismissal and discharge do not preclude the State from instituting a subsequent prosecution for the same offense."  Utah R.Crim. P. 7(h)(3).  We conclude that the magistrate erred in not binding over defendants on this charge.

### CONCLUSION

¶ 22 We affirm the dismissal of the charge in the information based on section 76–9–704(1)(b).  We reverse the dismissal of the charge based on section 76–9–704(1)(a) and direct the magistrate to bind over defendants on this charge.

¶ 23 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and Judge MOWER concur in Chief Justice HOWE's opinion.

¶ 24 Having disqualified himself, Justice WILKINS does not participate herein; District Judge DAVID L. MOWER sat.