2008 UT App 56

**STATE of Utah, Plaintiff and Appellee,**

v.

**Freddy ZAHN, Defendant and Appellant.**

No. 20060183–CA.

Court of Appeals of Utah.

Feb. 28, 2008.

Anthony Howell, Provo, for Appellant.

Mark L. Shurtleff, atty. gen., and Christopher D. Ballard, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendant Freddy Zahn appeals from the trial court's interlocutory order denying his motion to quash bindover on the first degree felony rape charge against him. He argues that the State violated his due process rights and the rule of *State v. Brickey*, 714 P.2d 644 (Utah 1986), when, after it failed to present sufficient evidence to bind him over on a charge of unlawful sexual conduct with a sixteen- or seventeen-year-old,[1] it filed a new information—based upon essentially the same facts—alleging first degree felony rape.[2] He also argues that the evidence of enticement or coercion presented against him at the two preliminary hearings was insufficient to support bindover.

¶ 2 After hearing arguments, we temporarily remanded the case to the trial court to allow it to reconsider its ruling in light of the

---

1. *See* Utah Code Ann. § 76–5–401.2 (2003). This section makes it a third-degree felony for a person to engage in sexual relations with a sixteen- or seventeen-year-old if that person is more than ten years older than the victim. The State failed to realize prior to the first preliminary hearing that Defendant was only 9 years and 361 days older than the victim.

2. *See* Utah Code Ann. § 76–5–402 (2003 & Supp. 2007).

Utah Supreme Court's decision in *State v. Virgin*, 2006 UT 29, 137 P.3d 787, issued after the trial court initially ruled, which clarified the applicable law with respect to the degree of discretion a magistrate retains in making a bindover decision. *See id.* ¶¶ 24–26, 36–37. After reviewing the relevant authorities and hearing the parties' arguments on remand, the trial court issued a second order denying Defendant's motion. We now affirm.

¶ 3 "In Utah, the preliminary hearing is used to determine whether there is sufficient cause to believe a crime has been committed to warrant further proceedings. The preliminary hearing thus acts as a screening device to 'ferret out ... groundless and improvident prosecutions.'" *Brickey*, 714 P.2d at 646 (omission in original) (quoting *State v. Anderson*, 612 P.2d 778, 783–84 (Utah 1980)). It is a " 'critical stage' in the criminal process, and proper consideration for a defendant's constitutional rights must be observed." *Id.* (quoting *Anderson*, 612 P.2d at 782 n. 9). "[D]ue process considerations prohibit a prosecutor from *refiling criminal charges earlier dismissed* for insufficient evidence unless the prosecutor can show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling." *Id.* at 647 (emphasis added). This rule protects criminal defendants from "the potential for abuse inherent in the power to refile criminal charges." *Id.*

¶ 4 In *State v. Morgan*, 2001 UT 87, 34 P.3d 767, the Utah Supreme Court revisited and elaborated on the *Brickey* rule. The Court said that "when potential abusive practices are involved, the presumption is that due process will bar refiling." *Id.* ¶ 16. However, "*Brickey* does not ... preclude refiling where a defendant's due process rights are not implicated." *Id.* ¶ 15. In *State v. Redd*, 2001 UT 113, 37 P.3d 1160, the Utah Supreme Court provided a working list of potentially abusive practices to which the *Brickey* rule is applicable. These include "forum shopping, repeated filings of groundless and improvident charges for the purpose to harass, ... withholding evidence[,] ... [and] refil[ing] a charge after providing no evidence of an essential and clear element of

a crime." *Id.* ¶ 20. None of these apply here.

¶ 5 The *Brickey* rule is a narrow one. *See State v. Rogers*, 2006 UT 85, ¶ 22, 151 P.3d 171 (reversing this court's decision and refusing to extend the rule to continuances of a preliminary hearing because "[t]he rationales for the rule ..., namely, the prevention of forum shopping, prosecutorial harassment, and the withholding of evidence, do not apply"). It only "limits a prosecutor's ability to *refile a previously dismissed charge*." *Id.* ¶ 9 (emphasis added). It does not apply to the filing of new charges against a criminal defendant absent some evidence of abusive practices that implicate the defendant's due process rights. *See Morgan*, 2001 UT 87, ¶ 15, 34 P.3d 767. Because there is no evidence that the State engaged in any such practices when it charged Defendant with first degree felony rape, *Brickey* does not apply to this case.

¶ 6 Finally, we address the trial court's second order denying Defendant's motion to quash bindover. We commend the trial court for its well-reasoned and thorough review of applicable precedent and the evidence presented. A measure of discretion is granted to magistrates and trial courts in considering credibility, plausibility, and consistency when making bindover decisions. *See Virgin*, 2006 UT 29, ¶¶ 25–26, 137 P.3d 787. We simply cannot say that the trial court exceeded its discretion or otherwise committed error in standing by its earlier decision. Accordingly, we affirm its refusal to quash Defendant's bindover for substantially the reasons set forth by the trial court in its ruling and order on remand.

¶ 7 Affirmed.

¶ 8 WE CONCUR: JUDITH M. BILLINGS and JAMES Z. DAVIS, Judges.