2002 UT App 27

**REGAL INSURANCE COMPANY,**
**Plaintiff and Appellee,**

v.

**CANAL INSURANCE COMPANY,**
**Defendant and Appellant.**

No. 20010317–CA.

Court of Appeals of Utah.

Feb. 7, 2002.

Heinz J. Mahler, Kipp & Christian, Salt Lake City, for Appellant.

Trent J. Waddoups, Carr & Waddoups, Salt Lake City, for Appellee.

Before Judges BILLINGS, BENCH, and GREENWOOD.

## OPINION

BENCH, Judge:

¶ 1 Defendant Canal Insurance Company (Canal) appeals from a summary judgment ruling in favor of Plaintiff Regal Insurance Company (Regal). The trial court awarded Regal reimbursement of personal-injury-protection benefits (PIP benefits), costs, prejudgment interest, and attorney fees. We vacate the award and remand.

## BACKGROUND

¶ 2 In 1995, Donald Boyet borrowed a flatbed tractor trailer owned by KC Trucking and attached it to a tractor owned by Boyet and operated by Kelly Devey. While pulling the borrowed trailer with Boyet's tractor, Devey struck a pedestrian, Christina Chatwin. After receiving medical treatment for injuries caused by the collision, Chatwin submitted a claim for PIP benefits to her own automobile insurance carrier, Regal. Regal paid Chatwin the PIP benefit limit of $3,000 for her medical expenses.

¶ 3 Regal subsequently contacted Canal, the insurance carrier for KC Trucking, and requested reimbursement for the $3,000 PIP benefits paid to Chatwin. Canal refused Regal's request for reimbursement after concluding that 1) the trailer is not covered under a personal-injury-protection endorsement (PIP Endorsement) of the automobile insurance policy issued by Canal to KC Trucking; and 2) even if the trailer is covered under the PIP Endorsement, Regal must pursue a claim for reimbursement through arbitration. Rather than submit to arbitration, Regal filed suit against Canal,

claiming that Canal breached its insurance contract by refusing "to pay PIP benefits to Christina Chatwin, or to [Regal] as her subrogee." In addition to seeking $3,000 in damages plus costs, Regal also sought prejudgment interest and attorney fees under Utah Code Ann. § 31A–22–309(5)(c) to (d) (1999).

¶ 4 After considering cross motions for summary judgment, the trial court granted summary judgment in favor of Regal. The trial court rejected Canal's arbitration argument in its final order and concluded in a minute entry that Chatwin was covered as an "eligible injured person" under Canal's PIP Endorsement. The trial court awarded Regal $3,000 for the PIP benefits it had paid Chatwin, plus costs, prejudgment interest, and attorney fees. Canal appeals the trial court's ruling.

## ISSUES AND STANDARD OF REVIEW

¶ 5 On appeal, we consider two issues. First, Canal asserts that the trial court erred in not requiring Regal to pursue its claims through mandatory arbitration under section 31A–22–309(6). Second, Canal contends that the trial court erred in awarding Regal attorney fees and prejudgment interest under section 31A–22–309(5). Resolution of these issues is a matter of statutory construction. "Matters of statutory construction are questions of law that are reviewed for correctness." *Platts v. Parents Helping Parents,* 947 P.2d 658, 661 (Utah 1997).

## ANALYSIS

¶ 6 This case turns on section 31A–22–309(6), which provides:

Every policy providing personal injury protection coverage is subject to the following:

(a) that where the insured under the policy is or would be held legally liable for the personal injuries sustained by any person to whom benefits required under personal injury protection have been paid by another insurer ... the insurer of the person who would be held legally liable shall reimburse the other insurer for the payment, but not in ex-

cess of the amount of damages recoverable; and

(b) that the issue of liability for that reimbursement and its amount shall be decided by mandatory, binding arbitration between the insurers.

Utah Code Ann. § 31A–22–309(6). Regal claims that, as Chatwin's subrogee, it may assert a contractual cause of action against Canal regarding Canal's obligation to provide PIP benefits to Chatwin.

¶ 7 Regal's argument fails because, with regard to the payment of PIP benefits, it is not subrogated to the rights of Chatwin. The Utah Supreme Court settled this issue in *Allstate Insurance Co. v. Ivie,* 606 P.2d 1197 (Utah 1980). In that case, Ivie was a passenger in a vehicle insured by Allstate when it was involved in an accident with another vehicle. *See id.* at 1198. Allstate paid Ivie PIP benefits for injuries suffered in the accident. *See id.* Ivie subsequently settled a lawsuit that she had filed against the insurer of the other vehicle involved in the accident. *See id.* Ivie refused to reimburse Allstate out of the settlement proceeds, so Allstate filed suit against Ivie. *See id.* Allstate asserted that "it was entitled to subrogation under the contractual terms of the policy issued on the vehicle in which Ivie was a passenger to the extent it had paid the PIP benefits." *Id.*

¶ 8 Resolution of the dispute in *Ivie* required the supreme court to interpret the same statutory provision at issue in this case.[1] *See id.* at 1201–02. The court concluded that Allstate was not subrogated to Ivie's rights, but rather that it had a "limited, equitable right to seek reimbursement [of PIP benefits] in arbitration." *Id.* at 1202; *see also* Tracy R. Barrus, Comment, *Allstate Insurance Co. v. Ivie: Reimbursement Between Insurers Under Utah's No–Fault Act,*

1981 Utah L.Rev. 379, 384 ("The court's interpretation of [section 31A–22–309(6) ] in *Ivie* clarified [that] ... the reimbursement provision supplants subrogation procedures that existed prior to the no-fault act. It is now clear that the no-fault insurer is not subrogated to the right of its insured.").

¶ 9 Although the posture of the present case differs from *Ivie, Ivie's* cardinal principle still applies: for PIP benefits, subrogation has been replaced with reimbursement obtained through arbitration. *See Ivie,* 606 P.2d at 1204 (Stewart, J., concurring) (stating that the insured and the insurer must each pursue their own remedy, and the insurer's remedy is achieved through arbitration); Barrus, *supra,* at 388 ("As the court recognized, the thrust of [section 31A–22–309(6) ] is to abrogate subrogation in the no-fault context and replace it with a system of reimbursement between insurers."). We therefore conclude that this dispute may only be resolved through arbitration. It follows that Regal is not entitled to an award for its litigation costs.

¶ 10 Finally, we address the trial court's award of prejudgment interest and attorney fees to Regal. Section 31A–22–309(5) allows an injured person to seek prejudgment interest and attorney fees if an insurer fails to timely pay PIP benefits. *See* Utah Code Ann. § 31A–22–309(5)(d) (providing that attorney fees are available to the person entitled to the PIP benefits). Here, the person entitled to PIP benefits, Chatwin, never submitted a claim as a pedestrian for those benefits to Canal, as allowed under Utah Code Ann. § 31A–22–308 (1999).[2] Instead, Chatwin, as the named insured in her own automobile insurance policy, chose to submit her PIP benefit claim to Regal, as allowed under section 31A–22–308(1). Thus, Canal cannot be punished for failure to make

---

**1.** Section 31A–22–309(6) "differs slightly from [the statute at issue in *Ivie* ] in wording but not in substance." *Bear River Mut. Ins. Co. v. Wall,* 1999 UT 33, ¶ 2 n. 2, 978 P.2d 460.

**2.** Section 31A–22–308 provides, in part: The following may receive benefits under personal injury protection coverage: (1) the named insured, when injured in an accident involving any motor vehicle

...;
....
(3) any other natural person whose injuries arise out of an automobile accident occurring ... while a pedestrian if he is injured in an accident occurring in Utah involving the described motor vehicle.
*Id.* § 31A–22–308(1), (3).

payment on a nonexistent claim. *See* Utah Code Ann. § 31A–22–309(5)(b) ("Benefits . . . are overdue if they are not paid within 30 days after the insurer receives reasonable proof of the fact and amount of expenses incurred during the period.").

¶ 11 Even if Chatwin had submitted a PIP benefit claim to Canal as a pedestrian under section 31A–22–308(3), it would be Chatwin's personal remedy, as the person entitled to PIP benefits, to pursue an action against Canal for prejudgment interest and attorney fees under section 31A–22–309(5). Regal could not bring a subrogation suit seeking those penalties because, as discussed above, Regal is not subrogated to Chatwin's rights. *See Ivie*, 606 P.2d at 1202. Rather, Regal has a limited remedy of seeking reimbursement for paid PIP benefits in arbitration proceedings under section 31A–22–309(6). The prejudgment interest and attorney fees provisions of section 31A–22–309(5) are therefore inapplicable in this case.

## CONCLUSION

¶ 12 Regal may not pursue a subrogation suit against Canal for the $3,000 in PIP benefits Regal paid to Chatwin. Regal may, of course, seek reimbursement of the PIP benefits in arbitration proceedings. Because this dispute properly belongs in arbitration, Regal is not entitled to an award for litigation costs. Finally, the prejudgment interest and attorney fees provisions of section 31A–22–309(5) do not apply.

¶ 13 Accordingly, we vacate the trial court's award of $3,000 in PIP benefits, costs, prejudgment interest, and attorney fees and remand to the trial court with instructions to dismiss this action.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and PAMELA T. GREENWOOD, Judge.