2004 UT 19

**REGAL INSURANCE COMPANY,**
Plaintiff and Petitioner,

v.

**CANAL INSURANCE COMPANY,**
Defendant and Respondent.

No. 20020198.

Supreme Court of Utah.

Feb. 27, 2004.

Trent J. Waddoups, Salt Lake City, for plaintiff.

Heinz J. Mahler, Salt Lake City, for defendant.

On Certiorari to the Utah Court of Appeals

PARRISH, Justice:

1 In this case, we address the statutory procedure applicable to Utah insurers seeking reimbursement of no-fault or personal injury protection ("PIP") benefits from other insurers. An insurer paid a PIP benefit claim to its insured and then, by filing suit, sought reimbursement for that payment from the tortfeasor's insurer. We are called upon to decide whether binding arbitration is the exclusive forum for an insurer seeking such reimbursement. We hold that it is.

## BACKGROUND

¶ 2 While waiting at the curb with her bicycle, Christina Chatwin was struck and injured by the right rear tire of a tractor-trailer rig as it turned the corner. Chatwin made a claim for $3,000 in PIP benefits to her own insurance carrier, Regal Insurance Company ("Regal"). Regal paid Chatwin's claim and sought reimbursement for that payment from Canal Insurance Company ("Canal"), the insurer of the trailer that struck Chatwin. Canal refused to reimburse Regal, asserting that its policy covering the trailer did not include PIP benefits. Regal then filed suit against Canal, seeking reimbursement under the equitable theory of subrogation. In response, Canal argued that any common law right of subrogation had been foreclosed by Utah's statutory scheme, which requires that insurers submit PIP reimbursement disputes to binding arbitration. *See* Utah Code Ann. § 31A–22–309(6) (1999).

¶ 3 The trial court held that Utah Code section 31A–22–309(6) did not extinguish Regal's common law right of subrogation to press Chatwin's claims against Canal. The court reasoned that while the binding arbitration procedure mandated by statute applied to reimbursement disputes over allocation of fault, it did not apply to reimbursement disputes based upon issues of coverage. Because the dispute between Regal and Canal is a coverage dispute, the trial court held that Regal was entitled to press its claim in court. After considering the coverage issue, the trial court entered summary judgment in favor of Regal.

¶ 4 Canal appealed, and the court of appeals reversed. The court of appeals held that Utah Code section 31A–22–309(6) and this court's interpretation of that provision in *Allstate Insurance Co. v. Ivie*, 606 P.2d 1197 (Utah 1980), replaced an insurer's common law right of subrogation for recovery of PIP benefits with the right to seek reimbursement through arbitration. Accordingly, the court of appeals held that binding arbitration was the exclusive avenue through which Regal could seek reimbursement of its PIP payments from Canal. We agree and affirm the judgment of the court of appeals.

## STANDARD OF REVIEW

¶ 5 Because no facts are in dispute, this case presents only questions of law. We review the court of appeals' interpretation of the relevant statute for correctness, according no deference to its conclusions. *State v. Ostler*, 2001 UT 68, ¶ 5, 31 P.3d 528. We review the court of appeals' interpretation of our case law under the same standard. *State v. Redd*, 2001 UT 113, ¶ 13, 37 P.3d 1160.

## ANALYSIS

### I. THE SCOPE OF THE MANDATORY ARBITRATION PROVISION

¶ 6 We construe the mandatory arbitration provision of Utah Code section 31A–22–309(6) broadly, holding that it applies to reimbursement disputes based on issues of coverage, as well as reimbursement disputes

based on issues of fault. Our construction is based on the plain language of the statute and on the fact that a narrower interpretation would frustrate the statutory purpose of increasing efficiency in the resolution of PIP reimbursement disputes among insurers.

¶ 7 We begin with the language of the statute itself. Section 31A–22–309(6) of the Utah Code provides:

> Every policy providing personal injury protection [PIP] coverage is subject to the following:
>
> (a) that where *the insured* under the policy *is or would be held legally liable* for the personal injuries sustained by any person to whom benefits required under personal injury protection have been paid by another insurer ... the insurer of the person who would be held legally liable shall reimburse the other insurer for the payment ... ; and
>
> (b) that *the issue of liability for that reimbursement* and its amount shall be decided by mandatory, binding arbitration between the insurers.

Utah Code Ann. § 31A–22–309(6) (1999) (emphasis added).

¶ 8 We examined this statutory language in *Allstate Insurance Co. v. Ivie*, where we held that subsection 31A–22–309(6) "cannot be deemed as conferring subrogation rights on the no-fault insurer." 606 P.2d 1197, 1202 (Utah 1980).[1] Rather, we held that the statute confers on first-party insurers a "limited, equitable right to seek reimbursement in arbitration." *Id.*

■ ¶ 9 While Regal acknowledges that reimbursement claims arising from disputes over liability are subject to arbitration, Regal argues that its claim against Canal is not subject to arbitration because its reimbursement dispute with Canal is not a dispute over fault, but rather a dispute over coverage. Regal argues that neither the statutory language nor our interpretation of that language in *Ivie* extends to cases where the PIP insurer disputes the question of whether the victim is an "insured" under the policy, rather

than the question of who would be held legally liable for the victim's injuries.

¶ 10 Because the statute mandates binding arbitration of "the issue of liability for ... reimbursement," Utah Code Ann. § 31A–22–309(6)(b) (1999), Regal's argument presents the question of how broadly to interpret that phrase. Both parties agree that the question of who was at fault for causing Chatwin's injuries constitutes an "issue of liability for ... reimbursement." *See Laub v. S. Cent. Utah Tel. Ass'n*, 657 P.2d 1304, 1309 (Utah 1982) ("The no-fault insurer's only right of reimbursement through subrogation is against the liability insurer in an arbitration proceeding."); *Ivie*, 606 P.2d at 1202. They disagree, however, as to whether the issue of liability for reimbursement also includes questions about who is an "insured," or in other words, whether an accident victim is covered by a particular insurance policy. In short, the parties ask us to decide whether the statute contemplates a scheme where disputes over coverage are to be resolved in a different forum than disputes over fault.

■ ¶ 11 The plain statutory language requires us to interpret the statute broadly to encompass disputes over coverage as well as disputes over fault. Under subsection 309(6)(b), mandatory arbitration is not limited to the narrower question of liability for an *injury*. Rather, the statute mandates arbitration for the broader issue of liability for *reimbursement*. Whether an alleged tortfeasor's insurer is liable to reimburse an accident victim's insurer for PIP payments necessarily encompasses both the question of fault and the question of coverage, i.e., whether the tortfeasor's insurance policy covers the accident victim at all.

¶ 12 Our interpretation of the statute is also supported by considerations of economy, which are a primary reason for employing an arbitration system to resolve disputes between insurers. *See Docutel Olivetti Corp. v. Dick Brady Sys., Inc.*, 731 P.2d 475, 479 (Utah 1986) (stating that arbitration "provid[es] a method more expeditious and less

---

1. The text now found in section 31A–22–309(6) " 'differs slightly from [the statute at issue in *Ivie*] in wording but not in substance.' " *Regal* *Ins. Co. v. Canal Ins. Co.*, 2002 UT App 27, ¶ 8 n. 1, 42 P.3d 387 (quoting *Bear River Mut. Ins. Co. v. Wall*, 1999 UT 33, ¶ 2 n. 2, 978 P.2d 460).

expensive [than the court system] for the resolution of disputes" (internal quotations and citations omitted)). Arbitration is intended to be a more efficient method than the judicial system for insurers seeking to sort out how much one company owes another. *See Giannopulos v. Pappas,* 80 Utah 442, 15 P.2d 353, 356 (Utah 1932) ("[A]rbitration is favored in the law as a speedy and inexpensive method of adjudicating differences . . . ."); *see also Ivie,* 606 P.2d at 1204 (Stewart, J., concurring) (explaining why arbitration is an efficient way of handling claims for reimbursement of PIP payments).

¶ 13 The statutory purpose of achieving efficiency in the resolution of insurer reimbursement disputes applies equally to cases presenting issues of coverage and cases presenting issues of fault. Moreover, some reimbursement disputes present issues of both fault and coverage, and it would be particularly inefficient for such claims to be divided and resolved in separate proceedings. In short, an interpretation that would require resolution of coverage disputes in court, while requiring resolution of fault disputes in arbitration, would defeat the very purpose of the statute—greater efficiency in the resolution of insurer disputes.

¶ 14 In subjecting reimbursement disputes based on coverage to binding arbitration, we are aware that some coverage disputes turn on issues of statutory interpretation, which are expressions of the state's public policy on insurance.[2] While requiring arbitrators to rule on such issues is not ideal, the statutory language employed by the legislature requires such a result.

## II. THE APPLICABILITY OF THE MANDATORY ARBITRATION PROVISION

■ ¶ 15 Regal also attempts to escape the requirement of mandatory arbitration by arguing, in the alternative, that the terms of

the mandatory arbitration provision, Utah Code Ann. § 31A–22–309(6), do not apply to this case at all. Instead, Regal argues that its claim against Canal is governed by an entirely different statutory provision, Utah Code Ann. § 31A–22–309(4). That provision, which addresses the concept of "primary coverage," provides that "[w]hen a person injured is also an insured party under any other policy, . . . primary coverage is given by the policy insuring the motor vehicle in use during the accident." Regal relies on this provision to argue that Canal, rather than Regal, was Chatwin's primary PIP carrier and that Regal is therefore entitled to recover from Canal the PIP benefits it paid to Chatwin without regard to the mandatory arbitration provisions of subsection 309(6).

■ ¶ 16 Regal's argument is entirely misplaced. The question of which PIP coverage is primary is not relevant to the question of whether Regal has the right to recover its PIP payments from Canal by filing suit. The mandatory arbitration scheme imposed by subsection 309(6) applies to "[e]very policy providing [PIP] coverage" (emphasis added). It contains no distinction between policies providing primary coverage and those providing secondary coverage. Rather, the mandatory arbitration requirement is triggered as soon as any insurer, other than the tortfeasor's insurer, pays a PIP claim. At that point, the law requires the tortfeasor's PIP insurer to reimburse *any* other insurer that has paid PIP benefits to the accident victim and provides that binding arbitration is the exclusive vehicle for enforcing that reimbursement obligation.

## III. ATTORNEY FEES

■ ¶ 17 In addition to seeking reimbursement from Canal for the PIP benefits it paid to Chatwin, Regal also seeks interest and attorney fees from Canal under Utah Code

---

**2.** The insurance statutes reflect legislative decisions regarding which party's insurer should carry coverage burdens in certain circumstances. In this case, in refusing to reimburse Regal, Canal relies on a clause in its policy that attempts to limit its coverage to only those vehicles for which such coverage is required under Utah law. Regal contends that Utah law prohibits Canal from limiting coverage by incorporating minimum statutory coverage requirements. In such cases, where a coverage dispute presents issues of statutory interpretation, sending the dispute to arbitration leaves the arbitrator with the task of interpreting and executing state public policy.

section 31A–22–309(5). This section entitles a claimant to interest and attorney fees if her insurer does not pay a PIP claim within thirty days of receiving reasonable proof of expenses. Utah Code Ann. § 31A–22–309(5) (1999). Because Regal's exclusive forum for seeking reimbursement of Chatwin's PIP benefits is in arbitration, we do not reach Regal's claim for interest and attorney fees. We do, however, agree with the court of appeals that the availability of interest and attorney fees under subsection 309(5) is limited to those situations where an insurer fails to timely pay PIP benefits to an "injured party." Subsection 309(5) does not provide for an award of interest or attorney fees to an insurer seeking reimbursement of PIP benefits from another insurer. *Regal Ins. Co. v. Canal Ins. Co.*, 2002 UT App 27, ¶¶ 10–11, 42 P.3d 387.

## CONCLUSION

¶ 18 We agree with the court of appeals that "Regal may not pursue a subrogation suit against Canal for the $3,000 in PIP benefits Regal paid to Chatwin." *Id.* at ¶ 12. Utah Code section 31A–22–309(6) requires that any insurer's claim to reimbursement of PIP benefits from another insurer be decided by binding arbitration between the insurers. Accordingly, we affirm the opinion of the court of appeals.

¶ 19 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Judge DAVIS concur in Justice PARRISH's opinion.

¶ 20 Having disqualified himself, Justice NEHRING does not participate herein; District Judge LYNN W. DAVIS sat.