2004 UT App 93

**STATE of Utah, Plaintiff and Appellant,**

v.

**Stacy Eileen ATENCIO, Defendant and Appellee.**

**No. 20030289–CA.**

Court of Appeals of Utah.

April 1, 2004.

Mark L. Shurtleff, Attorney General and Christine Soltis, Assistant Attorney General, Salt Lake City, for Appellant.

Nisa J. Sisneros and Heather Johnson, Salt Lake Legal Defender Association, Salt Lake City, for Appellee.

Before Judges BILLINGS, GREENWOOD, and JACKSON.

## OPINION

GREENWOOD, Judge:

¶ 1 The State appeals from the trial court's pretrial order dismissing a refiled information charging Defendant, Stacy Atencio, with endangerment of a child and various drug offenses. We reverse.

## BACKGROUND

¶ 2 On February 20, 2002, the State filed an information charging Defendant with (1) two counts of unlawful possession of a controlled substance, in violation of Utah Code Annotated section 58–37–8(2)(a)(i) (2002); (2) unlawful possession of drug paraphernalia, in violation of Utah Code Annotated section 58–37a–5 (2002); and (3) endangerment of a child, in violation of Utah Code Annotated section 76–5–112.5 (Supp.2002). A preliminary hearing was initially scheduled for May 2002, but was continued until July 2002. Because the State's toxicology analysis was not completed by the July preliminary hearing, the State moved for a continuance. The State's motion was granted and the preliminary hearing was rescheduled for August 13, 2002, before Judge Anthony B. Quinn.

¶ 3 Immediately prior to the preliminary hearing, the prosecutor discovered that her case file was missing. The following exchange then took place between the prosecutor and the trial court:

THE COURT: Call your witness.

MS. TAYLOR: Well, your Honor, my file, which has my notes and the tox report and I don't know where it's gone.

   . . . .

MS. TAYLOR: And without that, there's not much I can do.

THE COURT: Well, can the State proceed?

MS. TAYLOR: I suppose we could proceed, your Honor. The—there is a new toxicology report which defense counsel does not have. There is an old copy, which I believe (inaudible) I suppose we can proceed.

¶ 4 The prosecutor then called Detective James Tracy as a witness. Detective Tracy was duly sworn, and at the request of the trial court, stated his full name and spelled his last name. At this point, the following dialogue ensued:

MS. TAYLOR: Your Honor, now that I look at it, all of these [sic] Information is incorrect. The—the—at least the one that Ms. Sisneros [Defense Counsel] has; but I do not have a copy of the test results for the child—the child endangerment charge, unless you have that.

MS. SISNEROS: I—I've never seen that.

MS. TAYLOR: That's in the State's file, which like I said, I don't know where it is. It—it was here at one point, I had it here in the courtroom.

THE COURT: (Inaudible) this preliminary hearing goes forward or the case is going to be dismissed.

MS. TAYLOR: Well your Honor, I—the State would simply ask that it be dismissed without prejudice and we'll refile it.

¶ 5 The trial court then dismissed the case. Two days later, the State refiled the information and the case was assigned to a different judge. Prior to the preliminary hearing on the refiled charges, Defendant filed a motion to dismiss and the motion was argued before Judge Stephen L. Henriod. Defendant argued that the trial court should dismiss the case because under *State v. Brickey*, 714 P.2d 644 (Utah 1986), there was no new or previously unavailable evidence that supported the State's decision to refile the dismissed charges. *See id.* at 647. The State responded by arguing that *Brickey* did not apply to this case because the charges against Defendant were dismissed for failure to proceed and *Brickey* only applied to cases that were dismissed for insufficient evidence. *See id.* The trial court granted Defendant's motion noting that *Brickey* required "new or previously unavailable evidence in order to refile."

¶ 6 On March 31, 2002, the trial court issued an order formally dismissing the refiled charges. The State timely filed its notice of appeal.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 7 The State contends that the requirement from *State v. Brickey*, 714 P.2d 644 (Utah 1986), that refiled charges must be supported by "new or previously unavailable evidence," *id.* at 647, does not apply when a case is dismissed for failure to proceed at a preliminary hearing. Interpretation of case law presents a question of law which is reviewed for correctness. *See State v. Morgan*, 2001 UT 87, ¶ 1, 34 P.3d 767.

## ANALYSIS

¶ 8 The State maintains that the trial court erred when it dismissed the case based on the State's failure to support the refiled charges with "new or previously unavailable evidence." *Brickey*, 714 P.2d at 647. According to the State, *Brickey* does not apply to this case because the original charges were dismissed for failure to proceed rather than for insufficient evidence. Defendant responds by first arguing that this court should decline to review the State's claim because the State failed to provide, as part of the record on appeal, the complete record from the first dismissed case. According to Defendant, the complete record from this case is necessary, in part, because of a factual dispute as to when the first two preliminary hearings were scheduled. Defendant further argues that even if this court considers the State's claim, the trial court's ruling should remain undisturbed because Defendant has already "had to return to court an inordinate number of times for the same charges, causing her unnecessary inconvenience and stress," and because "the prosecutor ... indulged in 'forum shopping,' which is a recognized violation of criminal defendants' state due process rights."

■ ¶ 9 Before addressing whether the trial court erred when it dismissed the refiled charges, we first consider Defendant's threshold argument that this case should not

be reviewed because the State failed to furnish the complete record from the original case. We find Defendant's argument unpersuasive for two reasons. First, it is not supported by any legal authority. While Defendant cited *State v. Cramer*, 2002 UT 9, 44 P.3d 690, and *State v. Rawlings*, 829 P.2d 150 (Utah Ct.App.1992), both cases simply stand for the proposition that an appellate court will not review any evidence that is not part of the appellate record.[1]

¶ 10 Second, it is undisputed that the only portion of the record from the original case considered by the trial court was the August preliminary hearing transcript that was filed as an exhibit to the State's Memorandum in Opposition to Defendant's Motion to Dismiss. This transcript is part of the record on appeal. *See* Utah R.App. P. 11(a) (defining record on appeal in part as "[t]he original papers and exhibits filed in the trial court"). Therefore, the record is sufficient for this court to consider the State's challenge to the trial court's ruling.

■ ¶ 11 Having determined that the record on appeal is adequate, we turn to the State's argument that the trial court erred when it dismissed the refiled charges against Defendant because there was no "new or previously unavailable evidence" to support the refiled charges. *Brickey*, 714 P.2d at 647. In *Brickey*, the defendant was charged with forcible sexual assault. *See id.* at 645. After a preliminary hearing, during which only the victim testified, the trial court dismissed the case because the State had failed to establish a necessary element of the crime charged. *See id.* The prosecutor refiled the charge and a second preliminary hearing was held before a different judge. *See id.* This time, the victim's father, who was present at the first preliminary hearing, also testified.

*See id.* After the preliminary hearing, the defendant was bound over for trial. *See id.* at 646.

¶ 12 On appeal, the Utah Supreme Court considered what limits the due process clause of the Utah Constitution placed on the State's ability to refile the charge against the defendant. *See id.* Relying primarily on *Jones v. State*, 481 P.2d 169 (Okla.Crim.App. 1971),[2] the court reversed the trial court's decision and held "that due process considerations prohibit a prosecutor from refiling criminal charges earlier dismissed for *insufficient evidence* unless the prosecutor can show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling." *Brickey*, 714 P.2d at 647 (emphasis added).

■ ¶ 13 Despite the apparent rigidity of its holding, "*Brickey* does not ... indicate any intent to forbid refiling generally or preclude refiling where a defendant's due process rights are not implicated." *State v. Morgan*, 2001 UT 87, ¶ 15, 34 P.3d 767. When no "potential abusive practices" on the part of the prosecution are involved, "there is no presumptive bar to refiling." *Id.* at ¶ 16.

¶ 14 In *Morgan*, the defendant was charged with felony possession of methamphetamine with intent to distribute. *See id.* at ¶ 2. After the trial court determined that the arresting officer's testimony at the preliminary hearing was insufficient to establish intent to distribute, it reduced the charge to felony possession and bound the defendant over on the reduced offense. *See id.* at ¶ 4. However, the trial court subsequently granted the State's motion to dismiss the charge without prejudice thereby allowing the State to refile the original charge. *See id.* At the second preliminary hearing, testimony of a

---

1. In *State v. Cramer*, 2002 UT 9, 44 P.3d 690, the court observed that it could not consider a victim's medical records when those medical records were not included in the appellate record. *See id.* at ¶ 25. Similarly, in *State v. Rawlings*, 829 P.2d 150 (Utah Ct.App.1992), the court noted that it was unable to consider the issues raised in the defendant's habeas corpus petition when he failed to provide any record of the habeas corpus proceedings on appeal. *See id.* at 152–53.

2. In *Jones v. State*, 481 P.2d 169 (Okla.Crim.App. 1971), the court held that

> when a magistrate at a preliminary examination rules the evidence insufficient to hold the defendant for trial, neither that magistrate nor any other magistrate should entertain another filing against the same defendant for the same offense unless the State makes an offer of additional evidence or proves other good cause to justify another preliminary examination.

*Id.* at 171.

second police officer with significant narcotic investigation training and experience was admitted. *See id.* at ¶ 5. Based on this testimony, Defendant was bound over for trial as charged. *See id.* at ¶ 6. The Utah Supreme Court concluded that the State's failure to call the second police officer as a witness during the first preliminary hearing "was an 'innocent miscalculation,' which [constituted] 'other good cause,'[*Brickey,* 714 P.2d at 647,] sufficient to allow the prosecutor to refile the case." *Morgan,* 2001 UT 87 at ¶ 21, 34 P.3d 767.

¶ 15 In this case, there is no evidence that when the prosecutor misplaced her file, she was engaged in a "potential abusive practice[ ]" that would have implicated Defendant's due process rights. *Id.* at ¶ 16. Although Defendant claims that under *Brickey,* the prosecutor was prohibited from refiling the charges absent "new or previously unavailable evidence," *Brickey,* 714 P.2d at 647, this case is different from *Brickey.* In *Brickey,* the original charge was dismissed for insufficient evidence after the prosecution had presented evidence at the preliminary hearing. *See id.* at 645. In this case, although the preliminary hearing had technically begun and one witness had been sworn in, the prosecutor had not presented any evidence and the case was dismissed based on her inability to proceed rather than insufficient evidence.[3]

¶ 16 In *Browning v. State,* 648 P.2d 1261 (Okla.Crim.App.1982), the Oklahoma Court of Appeals drew a distinction between cases that were originally dismissed because the State was unable to proceed, and cases that were originally dismissed because the State did not present sufficient evidence. In *Browning,* the State was unable to proceed at the defendant's preliminary hearing due to the lack of assistant district attorneys and a jail break that had occurred the previous weekend. *See id.* at 1263. The charge against the defendant was refiled the next day and after a second preliminary hearing, the defendant was bound over for trial. *See id.* Citing *Jones v. State,* 481 P.2d 169 (Okla. Crim.App.1971),[4] and two cases decided after *Jones,* the defendant argued that the trial court erred in allowing the case to proceed to trial because no newly discovered evidence was presented to support the refiling of the charge. *See Browning,* 648 P.2d at 1263. The court disagreed, noting that the cases the defendant relied upon referred "to instances where the State presented insufficient evidence at the preliminary hearing; whereas in the [defendant's] case, the State was not ready to present evidence at the first preliminary hearing." *Id.; see also Lampe v. State,* 540 P.2d 590, 595 (Okla.Crim.App. 1975) (noting that refiling charges that had been twice dismissed at preliminary hearing for lack of witnesses was not a denial of due process).

¶ 17 Like *Browning,* this case was dismissed, not for insufficient evidence, but because the State was "not ready to present evidence at the first preliminary hearing." *Browning,* 648 P.2d at 1263. Moreover, although Defendant claims that the prosecutor's decision to end the preliminary hearing and refile the charges constituted forum shopping,[5] it is clear that, similar to *Browning,* there was a good faith basis for the prosecutor's actions: She was unable to locate her file and therefore could not present evidence at the preliminary hearing. There is no indication that the missing file was

---

3. *State v. Redd,* 2001 UT 113, 37 P.3d 1160, upon which Defendant also relies, is similarly distinguishable. There, the court held that the State's failure to provide evidence on an essential element of the crime charged amounted to a "potentially abusive practice" that prohibited it from refiling the charge absent "new or previously unavailable evidence or other good cause." *Id.* at ¶ 17. However, like *State v. Brickey,* 714 P.2d 644 (Utah 1986), the original charge was dismissed after the State had presented evidence during a preliminary hearing. *See Redd,* 2001 UT 113 at ¶ 3, 37 P.3d 1160.

4. As noted earlier, the holding in *Brickey* was based on *Jones. See Brickey,* 714 P.2d at 647.

5. Forum shopping occurs when "a criminal prosecution [is] shuttled from one magistrate to another simply because a county attorney is not satisfied with the action of the magistrate in the precinct whose jurisdiction was first invoked." *Brickey,* 714 P.2d at 647 (quotations and citation omitted). To eliminate this practice, the Utah Supreme Court held that "when a charge is refiled, the prosecutor must, whenever possible, refile the charges before the same magistrate." *Id.*

anything but "innocent." *Morgan,* 2001 UT 87 at ¶ 21, 34 P.3d 767. While it is true that a different judge was assigned to the case after the charges were refiled, we are unpersuaded, absent evidence of a "potential abusive practice[ ]" on the part of the prosecution, *id.* at ¶ 16, that this fact alone demonstrates that the State engaged in forum shopping.

¶ 18 Similarly, we find no merit in the argument that the State was prohibited from refiling the charges because Defendant had to return to court an inordinate number of times on the same charges, thereby causing her unnecessary inconvenience and stress. The Utah Supreme Court has made it clear that "due process is not concerned with ordinary levels of inconvenience because the 'nature of the criminal justice system necessarily inconveniences those individuals who have been accused of crimes.'" *Id.* at ¶ 22 (citation omitted). "Instead, due process ... is concerned with potential bad faith or misconduct of prosecutors." *Id.* Therefore, the fact that Defendant had to go to court on several occasions is of little significance in the absence of any potential misconduct on the part of the prosecution.

¶ 19 Based on the foregoing, we conclude that the State did not abuse Defendant's due process rights when it refiled the charges because the prosecutor did not present any evidence at the preliminary hearing and there was no evidence of prosecutorial misconduct. Therefore, the trial court erred when it ruled that the State could not refile the charges against Defendant absent new or previously unavailable evidence. *See Brickey,* 714 P.2d at 647.

## CONCLUSION

¶ 20 Defendant's argument that the State was required to furnish the complete record from the original case fails because the only portion of the record from the original case considered by the trial court is part of the record on appeal. Therefore, the record is sufficient for this court to consider the State's appeal.

¶ 21 With respect to the merits of the case, we conclude that because the original charges against Defendant were dismissed for failure to proceed, rather than for insufficient evidence, the State was not required to support the refiled charges with "new or previously unavailable evidence." *Id.* Accordingly, we reverse the trial court's dismissal of the refiled charges.

¶ 22 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and NORMAN H. JACKSON, Judge.