2006 UT 85

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Daniel Bagley ROGERS, Defendant and Respondent.**

No. 20051024.

Supreme Court of Utah.

Dec. 19, 2006.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Cara M. Tangaro, Asst. Att'ys Gen., Salt Lake City, for plaintiff.

Shannon N. Romero, Debra Meek Nelson, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

## INTRODUCTION

¶ 1 Defendant Rogers appealed his conviction of theft by receiving stolen property. The court of appeals reversed in a 2–1 decision, concluding that the magistrate improperly continued the preliminary hearing in violation of *State v. Brickey*, which bars the refiling of charges dismissed at a preliminary hearing for insufficient evidence absent the State's showing of "new or previously unavailable evidence" or other good cause. 714 P.2d 644, 647–48 (Utah 1986). *Brickey* has previously been applied only to cases of dismissal. We granted certiorari to review the decision of the court of appeals extending the rule in *Brickey* to continuances sought by the prosecution in a preliminary hearing. We conclude that *Brickey* does not apply. The decision of whether to grant a continuance is left to the sound discretion of the magistrate. We accordingly reverse.

## BACKGROUND

¶ 2 Baseball memorabilia with an estimated value of well over $5,000 was stolen from a home. Additionally, a DVD player, camera, stereo, pearl earrings, and Olympic pins were stolen. The victim notified the police and local card shops of the theft. When one of the card shop owners was approached by two men offering to sell cards that matched the description of those stolen, he called the victim, who in turn called the police. The police officers located the defendant, Rogers, attempting to cash a check from the card shop.

¶ 3 After waiving his rights, Rogers told the police that he found the baseball memorabilia near a dumpster while cleaning out a storage unit. Nevertheless, Rogers was arrested, and in a search incident to that arrest, the police officers recovered much of the stolen property. Rogers was charged with second degree felony theft by receiving stolen property under Utah Code sections 76–6–408 and 76–6–412.[1]

¶ 4 At the pretrial hearing, the State called three witnesses—the victim, the arresting officer, and the card shop owner—to testify. Because Rogers was charged with second degree felony theft by receiving stolen property, in order for the magistrate to bind him over on the charge, the State was required to present evidence that he possessed over $5,000 worth of stolen property at the time of his arrest. Although the victim testified that the value of the goods *stolen* was over $9,000, the State presented insufficient evidence of the value of goods actually *possessed,* or "received," by Rogers.

¶ 5 The magistrate continued the preliminary hearing in order to permit the State to prepare and present additional evidence. At the resumed hearing, the State presented evidence, including photographs of the recovered items and itemized lists of the missing goods, sufficient to show that Rogers did in fact possess over $5,000 in stolen goods at the time of his arrest. Rogers was then bound over for trial. Rogers filed a motion to quash the bindover, which was denied. He then pled guilty to theft by receiving stolen property, amended to a third degree felony and reserved his right to appeal the trial court's denial of his motion to quash.

¶ 6 The court of appeals reversed, holding for the first time that *State v. Brickey*, 714 P.2d 644 (Utah 1986), applies not only to outright dismissals followed by refiling, but also to a magistrate's decision to continue a

---

1. Rogers was also charged with theft by deception, but that charge was dismissed by the magistrate and does not relate to this appeal.

preliminary hearing. The State now seeks review of that decision.

## ANALYSIS

 ¶ 7 The interpretation of case law presents a question of law, reviewed for correctness. *State v. Morgan*, 2001 UT 87, ¶ 1, 34 P.3d 767. We have jurisdiction pursuant to Utah Code section 78-2-2(5).

 ¶ 8 The purpose of the preliminary hearing is "to determine whether there is sufficient cause to believe a crime has been committed to warrant further proceedings." *State v. Brickey*, 714 P.2d 644, 646 (Utah 1986). If the State introduces sufficient evidence establishing "probable cause to believe that the crime charged has been committed and that the defendant has committed it," the defendant is bound over for trial. *Id.* However, if the State fails to meet this burden, the "magistrate must dismiss [the] information and discharge [the] defendant." *Morgan*, 2001 UT 87, ¶ 10, 34 P.3d 767. Essentially, the preliminary hearing screens out meritless claims, thus conserving judicial resources and protecting the accused from the degradation and expense of a wrongful trial.

¶ 9 In *Brickey*, we determined that due process limits a prosecutor's ability to refile a previously dismissed charge. 714 P.2d at 647. At that time, we reviewed the various approaches other states had taken in dealing with post-dismissal refiling, and we "[found] merit in the approach taken by the Oklahoma courts." *Id.* Applying the reasoning relied upon by the Oklahoma court in *Jones v. State*, 481 P.2d 169, 171 (Okla.Crim.App. 1971), we held that "due process considerations prohibit a prosecutor from refiling criminal charges earlier dismissed for insufficient evidence unless the prosecutor can show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling." *Brickey*, 714 P.2d at 647.

¶ 10 We revisited and refined the *Brickey* rule in *State v. Morgan*, 2001 UT 87, 34 P.3d 767. In *Morgan*, we said that "when potential abusive practices are involved, the presumption is that due process will bar refiling." *Id.* ¶ 16. However, "[w]hen potential abusive practices are not involved, ... there

is no presumptive bar to refiling." *Id.* This is because *"Brickey* does not ... preclude refiling where a defendant's due process rights are not implicated." *Id.* ¶ 15.

¶ 11 In *State v. Redd*, we provided a working list of potentially abusive practices that bar refiling under the *Brickey* rule, including "forum shopping, repeated filings of groundless and improvident charges for the purpose to harass, ... withholding evidence, ... [and] refil[ing] a charge after providing no evidence of an essential and clear element of a crime." *Redd*, 2001 UT 113, ¶ 20, 37 P.3d 1160.

¶ 12 Continuances present none of the potentially abusive practices *Brickey* and its progeny sought to prevent. A defendant's due process rights are rarely implicated when a continuance is allowed.

¶ 13 Unlike with dismissals, forum shopping is not a concern with continuances. In *Brickey*, the prosecutor openly admitted that he was forum shopping when he stated, "My theory of the prosecution is I disagreed with the [first judge], to be honest with you.... I have a chance to come back here every time and represent evidence until I get it bound over...." 714 P.2d at 646 (alterations in original). The *Brickey* decision was intended to limit the discretion of prosecutors to magistrate shop for a favorable outcome. *See id.* at 647. However, unlike post-dismissal refilings, continued cases remain with the same magistrate.

¶ 14 Further, unlike the decision to refile after dismissal, the granting of a continuance is not at the discretion of the prosecutor but rather is left to the sound discretion of a neutral and detached magistrate. Abusive refiling of "groundless and improvident charges" is not an available option.

¶ 15 Also, continuances do not pose the risk, as argued by Rogers, that prosecutors will intentionally withhold crucial evidence in order to save surprise evidence for trial. By doing so, a prosecutor risks a dismissal and bar to refiling. Moreover, under the discovery and disclosure requirements applicable to the State in criminal prosecutions, an attempt to hide evidence of consequence is destined to fail.

¶ 16 The final potentially abusive practice that, when present, causes *Brickey* to govern occurs when a prosecutor refiles charges after presenting *no* evidence of a necessary element of the crime at the first preliminary hearing. The court of appeals majority expressed its concern that continuances at the preliminary hearing stage might result in "coddling a lack of preparation by giving the prosecution multiple opportunities to prove it has a case." *State v. Rogers,* 2005 UT App 379, ¶ 13, 122 P.3d 661. While we may share that anti-coddling sentiment, we believe that the reasonable exercise of discretion by the magistrate in granting, or not granting, continuances sufficiently protects against such an abuse.

¶ 17 The potential abuses *Brickey* protects against are not present in the grant or denial of a continuance to the prosecution by the magistrate. Consequently, *Brickey* does not apply here.[2]

¶ 18 The decision whether or not to grant a continuance is properly left to the discretion of the magistrate. We have held that "[i]t is well-established that the granting of a continuance is discretionary with the trial judge," and that "[a]bsent a clear abuse of that discretion, the decision will not be reversed by this Court." *State v. Williams,* 712 P.2d 220, 222 (Utah 1985). We see no reason to depart from the general rule when considering the limited role of the magistrate in a preliminary hearing.

¶ 19 Of course, a magistrate's discretion to grant continuances is not limitless. We have held that "when a [party] moves for a continuance in order to procure the testimony of an absent witness, . . . he must show that the testimony is material and admissible, that the witness could actually be procured within a reasonable time, and that due diligence had been exercised before making the request." *Id.*

¶ 20 Insightfully, the Oklahoma courts, whose reasoning we followed in *Brickey,* made a similar determination regarding a magistrate's discretion to grant continuances in *Harper v. District Court,* 484 P.2d 891 (Okla.Crim.App.1971). In *Harper,* the court said that

> in the event the prosecutor miscalculates and fails to present sufficient evidence to show probable cause to bind over the accused, but possesses other witnesses whose testimony would strengthen his showing, it is clearly within the discretion of the examining magistrate to grant the state a continuance for that purpose. However, it is presumed that the additional witness, or other evidence, are reasonably available; and that a continuance will not be sought in order to conduct further investigation seeking that evidence, in a dilatory manner.

*Id.* at 897.

¶ 21 We rely upon magistrates to exercise reasonable judgment and discretion to determine when a continuance is appropriate. We are comfortable with magistrates properly filling this role. Such determinations are the meat and potatoes of a magistrate's daily fare. The decision to grant or deny a continuance will only be reversed if the magistrate exceeds the permitted range of discretion. For example, it would be unreasonable to grant a continuance to afford the prosecution more time to investigate or develop new evidence. However, it would be reasonable to grant a continuance when the prosecution, in good faith, fails to present sufficient evidence but the necessary evidence is reasonably available. Long or unspecified continuances would rarely be proper, and brief ones, where the magistrate is convinced that due process for the accused is protected and justice is otherwise served, would rarely be improper.

## CONCLUSION

¶ 22 The rationales for the rule in *Brickey,* namely, the prevention of forum shopping,

---

2. The court of appeals majority correctly acknowledged that "[t]he validity of the dissent's second point, concerning the discretionary nature of continuances, rises and falls with who is right about the application of *Brickey.* If [*Brick-ey* does not apply], then it is difficult to say the decision to grant a continuance in this case was an abuse of discretion." *Rogers,* 2005 UT App 379, ¶ 32, 122 P.3d 661.

prosecutorial harassment, and the withholding of evidence, do not apply to continuances in a preliminary hearing. Instead, the decision to grant a continuance is left to the sound and reasonable discretion of the examining magistrate. Accordingly, we reverse the decision of the court of appeals.

¶ 23 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.