IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | OPINION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20090863-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (September 20, 2012) |
| Martin MacNeill, | ) | |
| | ) | 2012 UT App 263 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091400178
The Honorable Samuel D. McVey

Attorneys:     Randall K. Spencer and Stephanie L. O'Brien, Provo, for Appellant
                    Mark L. Shurtleff and Jeffrey S. Gray, Salt Lake City, for Appellee

-----

Before Judges McHugh, Orme, and Christiansen.

ORME, Judge:

¶1     Defendant Martin MacNeill appeals the trial court's denial of his motion to quash bindover.  Defendant argues that Rule 25 of the Utah Rules of Criminal Procedure bars refiling the charges against him eight months after they were initially dismissed. Defendant also contends that the refiling violated his due process rights and his right to a speedy trial.  We affirm.

BACKGROUND

¶2     The State charged Defendant with forcible sexual abuse, pursuant to Utah Code section 76-5-404, and witness tampering, pursuant to Utah Code section 76-8-508.  *See*

Utah Code Ann. § 76-5-404 (Supp. 2012); *id.* § 76-8-508 (2008).[1] After conducting a preliminary hearing and finding probable cause for the charged offenses, Judge Claudia Laycock, acting as a magistrate, bound Defendant over to district court for trial. The case was assigned to Judge Laycock, who scheduled a four-day jury trial. Two weeks before trial, however, the State moved to dismiss the charges without prejudice. It did not provide any explanation for its request. Defense counsel did not oppose the motion, and neither the court nor defense counsel sought an explanation for the State's requested dismissal. The court granted the motion without specifying whether the dismissal was with or without prejudice, stating only that the case was dismissed "upon good cause appearing."

¶3 Four months after the criminal charges were dismissed, the Utah State Bar's Office of Professional Conduct (OPC) undertook an investigation of Defendant, a lawyer, stemming from accusations of misconduct related to the dismissed criminal charges. In the course of its investigation, OPC contacted the State seeking information regarding the charges. OPC then wrote a letter explaining that it was dismissing the Bar complaints against Defendant because the State had dismissed the criminal charges against him. The letter also characterized the dismissal as being due to the State "not believ[ing] that they had a good faith basis to proceed with this case."

¶4 Eight months after the dismissal, the State refiled the same charges against Defendant. Defendant unsuccessfully moved to have the charges dismissed on the basis that refiling them was a violation of his rights to due process and a speedy trial. The parties stipulated that bindover on the refiled charges could proceed based on the transcript of the original preliminary hearing. The case was then set to be tried before Judge Samuel D. McVey. Defendant sought, unsuccessfully, to have the case moved back to Judge Laycock's docket. Defendant then filed a motion to quash the bindover, rearguing his due process and speedy trial claims. *See* Utah R. Crim. P. 25. Judge McVey denied Defendant's motion to quash. Finally, Defendant petitioned this court for permission to appeal the interlocutory order denying the motion to quash, and we granted the petition.

---

[1]Because the provisions in effect at the relevant time do not differ materially from the statutory provisions now if effect, we cite to the current version of the Utah code as a convenience to the reader.

ISSUES AND STANDARDS OF REVIEW

¶5     On appeal, Defendant argues that Rule 25 of the Utah Rules of Criminal Procedure bars the State from refiling the charges against him because Rule 25 does not expressly authorize refiling in cases like this. Defendant also argues that the court failed to comply with Rule 25 by not listing a specific reason for dismissing the charges. Accordingly, we must interpret Rule 25 to determine under what circumstances it bars the State from refiling charges that were dismissed pursuant to the rule. *See* Utah R. Crim. P. 25(a). "The proper interpretation of a rule of procedure is a question of law, and we review the trial court's decision for correctness." *Ostler v. Buhler*, 1999 UT 99, ¶ 5, 989 P.2d 1073.

¶6     Next, Defendant argues that, wholly apart from the Rule 25 violations he alleges, the State violated his due process rights when it dismissed the case, only to refile again eight months later. Specifically, Defendant cites the requirements of *State v. Brickey*, 714 P.2d 644, 647–48 (Utah 1986), and argues that the State was required to follow the refiling mandates outlined there but failed to do so. "Interpretation of case law presents a question of law which is reviewed for correctness." *State v. Atencio*, 2004 UT App 93, ¶ 7, 89 P.3d 191 (citing *State v. Morgan*, 2001 UT 87, ¶ 1, 34 P.3d 767).

¶7     Finally, Defendant argues that his right to a speedy trial has been violated. "Whether a defendant's right to a speedy trial has been violated presents a question of law, which we review for correctness." *State v. Steele*, 2010 UT App 185, ¶ 14, 236 P.3d 161.


ANALYSIS

I. Rule 25 of the Utah Rules of Criminal Procedure Did Not Require that the Charges Be Dismissed with Prejudice.

¶8     Defendant contends that Rule 25 of the Utah Rules of Criminal Procedure barred the State from refiling the charges against him. Rule 25 provides:

> (a) In its discretion, for substantial cause and in furtherance of justice, the court *may*, either on its own initiative or upon

application of either party, order an information or indictment dismissed.

(b) The court *shall* dismiss the information or indictment when:

(1) There is unreasonable or unconstitutional delay in bringing defendant to trial;

(2) The allegations of the information or indictment, together with any bill of particulars furnished in support thereof, do not constitute the offense intended to be charged in the pleading so filed;

(3) It appears that there was a substantial and prejudicial defect in the impaneling or in the proceedings relating to the grand jury;

(4) The court is without jurisdiction; or

(5) The prosecution is barred by the statute of limitations.

(c) The reasons for any such dismissal shall be set forth in an order and entered in the minutes.

(d) If the dismissal is based upon the grounds that there was unreasonable delay, or the court is without jurisdiction, or the offense was not properly alleged in the information or indictment, or there was a defect in the impaneling or of the proceedings relating to the grand jury, further prosecution for the offense shall not be barred and the court may make such orders with respect to the custody of the defendant pending the filing of new charges as the interest of justice may require. Otherwise the defendant shall be discharged and bail exonerated.

> An order of dismissal based upon unconstitutional delay in bringing the defendant to trial or based upon the statute of limitations, shall be a bar to any other prosecution for the offense charged.

Utah R. Crim. P. 25(a)–(d) (emphasis added). Defendant argues that when a case is dismissed under Rule 25 without a trial, the case may not be refiled unless it meets one of the exceptions enumerated in part (d) of the rule. *See id.* R. 25(d). Defendant's argument appears to be one of *expressio unius est exclusio alterius*, i.e., that where the Legislature went to the effort to include a list of exceptions allowing the refiling of charges after dismissal for some reasons, it surely did not mean to allow refiling for other reasons. Thus, Defendant argues that the list was intended to be exhaustive so that Rule 25 incorporates a presumption *against* refiling unless expressly authorized in part (d) of the rule. *See id.* While we understand the logic of this argument, a careful reading of the text, in the context of the rule's organization, provides a stronger basis for a different interpretation.

¶9     Rule 25 describes two possible categories of dismissals: discretionary and mandatory. *See id.* R. 25(a), (b). The discretionary dismissal subsection, subsection (a), allows for a court "in furtherance of justice . . . either on its own initiative or upon application of either party, [to] order an information or indictment dismissed." *Id.* R. 25(a). Subsection (a) is silent as to whether a discretionary dismissal is generally one that can later be refiled. *See id.* The mandatory dismissal subsection, subsection (b), *requires* a court to dismiss in six situations: unreasonable delay, unconstitutional delay, insufficiency of allegations, substantial and prejudicial defect in the proceedings, lack of jurisdiction, and bar by reason of a statute of limitations. *See id.* R. 25(b). Subsection (c) requires that "[t]he reasons for any such dismissal shall be set forth in an order and entered in the minutes." *Id.* R. 25(c). Subsection (d) then discusses when a dismissal is to be made with prejudice or without prejudice. *See id.* R. 25(d). Subsection (d) comprehensively addresses the six reasons listed in subsection (b), explaining for each reason whether a case dismissed under that circumstance may or may not later be refiled. *See id.*

¶10     The court in this case did not specifically state in its order why it dismissed the case, but it appears that the dismissal was a discretionary one under subsection (a), as it came about as a result of the State's motion and it does not fit within any of the mandatory dismissal categories listed in subsection (b). *See id.* R. 25(a), (b).

Significantly, Rule 25 expressly bars refiling in only two instances, both of which involve situations where the dismissal is mandatory: where the dismissal results from an unconstitutional delay in bringing the defendant to trial and where the dismissal results from a statute of limitations violation. *See id.* R. 25(d). Neither of these circumstances occurred here, and thus, Defendant's case was not dismissed for any reason with respect to which Rule 25 expressly bars refiling.

¶11 While Defendant essentially argues that cases are presumptively dismissed under Rule 25 *with* prejudice and that subsection (d) carves out the only exceptions under which dismissals will be without prejudice,[2] subsection (d) does not contain a comprehensive list of exceptions. *See id.* Its purpose is to specify the exact outcome for each of the six possible reasons for a *mandatory* dismissal, while it is silent as to any opportunity for the refiling of charges after a *discretionary* dismissal. *See id.* Because subsection (d) does not provide an exhaustive list, there is no reason to assume that there is a general presumption of "with prejudice" upon the dismissal of criminal charges. Each part of subsection (d) addresses one variant of mandatory dismissal, and there is no basis for concluding it has any bearing on discretionary dismissals. *See id.* Stated another way, because subsection (d) addresses each of the possible avenues for mandatory dismissal listed in subsection (b), we conclude that the only appropriate interpretation is that subsection (d) simply does not apply to the discretionary dismissals dealt with in subsection (a).

¶12 Additionally, it would lead to a most curious result if we were to conclude that all dismissals, be they discretionary or mandatory, are presumptively with prejudice unless otherwise stated in subsection (d). This construction would necessarily mean that while the court is sometimes required to dismiss a case even though the dismissal is without prejudice, *all* discretionary dismissals are with prejudice, even though a discretionary dismissal, by definition, is entirely optional. For example, the rule requires a court to dismiss, and to do so without prejudice, any time a prosecutor causes unreasonable delay not amounting to a constitutional violation. On the other hand, if

---

[2]Specifically, Defendant argues in his brief that Rule 25 "only allows re-filing for certain specified reasons" and that "[i]f the State had wanted to preserve the possibility of re-filing charges in the future it was required to set forth the basis of dismissal as being pursuant to one of the enumerated reasons in Rule 25 which allows re-filing of charges."

the court chose to dismiss under its discretionary authority under some other circumstance, it would have no choice but to dismiss *with* prejudice.

¶13    Defendant's position is also inconsistent with Utah jurisprudence. In *State v. Morgan*, 2001 UT 87, 34 P.3d 767, the Utah Supreme Court discussed whether there is a presumption barring refiling in certain circumstances, holding that it depended largely on the potential for abusive practices by the prosecution. *See id.* ¶ 16. If it were the case that Rule 25 absolutely mandated that discretionary dismissals be with prejudice, precluding refiling simply because they are not listed in subsection (d)'s list of reasons for which refiling is permitted, the Supreme Court's discussion of this topic in *Morgan* would have been entirely wide of the mark.

¶14    The rule of *State v. Brickey*, 714 P.2d 644 (Utah 1986), discussed more fully below, is also instructive. *Brickey* requires that the prosecutor show the availability of newly discovered evidence in order to refile a case that was previously dismissed by a magistrate for insufficient evidence to warrant bindover. If Defendant's position were correct, this protocol would be wholly unnecessary because the magistrate's discretionary decision to dismiss would necessarily bar refiling regardless of whether new evidence surfaced, given that insufficient evidence is not one of the six stated grounds for mandatory dismissal under subsection (b), nor one of the grounds where refiling is permitted by subsection (d). In sum, Utah courts have not assumed that refiling is absolutely barred for discretionary dismissals, and we doubt that the Legislature would have intended this result.

¶15    Defendant also argues that subsection (c) requires the court to state the reasons for dismissal. *See* Utah R. Crim. P. 25(c). Even if the court violated Rule 25 by not explicitly listing its reason for dismissing the case, we cannot see that Defendant suffered any harm as a result. Rule 25 only requires that a case be dismissed with prejudice in two circumstances, and there is no suggestion that the court might have dismissed this case on either of these rationales, i.e., that there was an unconstitutional delay in bringing Defendant to trial or that there was a violation of a statute of limitations. *See id.* R. 25(d). Any other possible reason for which the court could have dismissed the case is one for which the court would either have been required to dismiss without prejudice or would have had the option to do so. The State's motion requested a dismissal without prejudice, and the court granted the motion. Under all the circumstances, the dismissal was not one that was required to be with prejudice and

was not one intended by the court to be with prejudice. Thus, a failure to state the reason for dismissal was necessarily harmless in this case.

## II. *Brickey* Does Not Apply to This Case, and Defendant's Due Process Rights Were Not Violated When the Charges Were Refiled.

¶16    Next, Defendant argues that the trial court violated his due process rights when it allowed the charges to be refiled. Defendant relies on *State v. Brickey*, 714 P.2d 644 (Utah 1986). *Brickey* holds that where "charges [are] dismissed for insufficient evidence," they may only be refiled where "the prosecutor can show that new or previously unavailable evidence has surfaced or that other good cause justifies refiling." *Id.* at 647. Defendant contends that *Brickey* applies, and prevents the State from refiling the charges against him, because the State "did not believe that they had a good faith basis to proceed with the case" when it requested dismissal of the charges. *See id.* But the Utah Supreme Court has held that *Brickey* bars refiling only "after a magistrate has dismissed a charge for insufficient evidence," and thus "*Brickey* does not . . . indicate any intent to forbid refiling generally or preclude refiling where a defendant's due process rights are not implicated." *State v. Morgan*, 2001 UT 87, ¶¶ 11, 15, 34 P.3d 767. And we recently held that *Brickey* is limited "to instances where the criminal charges have been previously dismissed after a preliminary hearing at which the State presented evidence that the magistrate deemed insufficient to bind the defendant over for trial." *State v. Pacheco-Ortega*, 2011 UT App 186, ¶ 14, 257 P.3d 498, *cert. denied*, 268 P.3d 192 (Utah 2011).

¶17    Especially in light of our holding in *Pacheco-Ortega*, this is clearly not a *Brickey* case. *See id.* The magistrate found that there was sufficient evidence against Defendant to bind him over for trial, and the State moved to dismiss the charges after the initial bindover. Thus, not only was the case not dismissed based on insufficient evidence at the preliminary hearing but, on the contrary, the magistrate determined that there was sufficient evidence to warrant bindover. The court later dismissed the charges at the request of the State, but it did so *despite* the existence of sufficient evidence for bindover. Because *Brickey* does not apply to the facts of this case, the State was not required to show that new evidence had surfaced when it refiled the charges against Defendant. *See* 714 P.2d at 647.

¶18    Defendant claims that four months after it filed its motion, the State communicated with OPC to explain that it had moved to dismiss the charges because it

did not believe it had a good faith basis to proceed.[3] Defendant argues that this is sufficient to show that the case's dismissal was based on insufficient evidence. We cannot agree. The State's comment, even if accurately recounted in OPC's letter, is not relevant to determining whether *Brickey* applies, as it does nothing to establish whether the *magistrate* found there to be insufficient evidence.

¶19 Defendant also argues that, apart from *Brickey*, basic due process precludes the State from refiling the charges against him. Again we disagree. In *State v. Morgan*, 2001 UT 87, 34 P.3d 767, the Court held that "due process is not concerned with ordinary levels of inconvenience because the nature of the criminal justice system necessarily inconveniences those individuals who have been accused of crimes." *Id.* ¶ 22 (citation and internal quotation marks omitted). We do, however, take seriously a defendant's due process rights and seek to prevent "atypical" inconvenience to a defendant in situations where a previously dismissed case is later refiled. *See, e.g., Pacheco-Ortega*, 2011 UT App 186, ¶ 22 (considering "whether the delay here was atypical enough to implicate the codefendant's due process rights").

¶20 Defendant argues that the State engaged in forum shopping by seeking dismissal of the case from Judge Laycock's docket and then later refiling, with the case then being assigned to Judge McVey.[4] We have held that it is problematic when there is reason to believe that a party has attempted to "'shop' to a different judge in the hope of obtaining a better result" than previously obtained. *Id.* ¶ 19. For this reason, Utah appellate courts have repeatedly noted the requirement that parties refile with the same judge whenever possible. *See, e.g., Brickey*, 714 P.2d at 647 ("[W]hen a charge is refiled, the prosecutor must, whenever possible, refile the charges before the same magistrate

---

[3]The statement Defendant refers to is in a letter from OPC. The letter stated: "The OPC . . . has investigated these allegations and at this point we do not believe that there is sufficient evidence to establish the probable cause that [Defendant] has violated the Rules of Professional Conduct." OPC stated that it made this determination after it spoke to the prosecutor in this case, and it noted in its letter that the State "did not believe that they had a good faith basis to proceed with the case, and they dismissed the charges against [Defendant]."

[4]From all that appears in the record, the assignment of the refiled case to Judge McVey was a matter of random distribution or other in-house protocol of the Fourth District Court; it was not something orchestrated by the State.

who does not consider the matter de novo, but looks at the facts to determine whether the new evidence or changed circumstances are sufficient to require a re-examination and possible reversal of the earlier decision dismissing the charges."). *Accord State v. Rogers*, 2006 UT 85, ¶ 13, 151 P.3d 171; *Pacheco-Ortega*, 2011 UT App 186, ¶ 11. The rule requiring the State to file with the same magistrate when possible exists to "prevent[] the prosecutor from forum-shopping in search of a sympathetic magistrate." *State v. Fisk*, 966 P.2d 860, 864 (Utah Ct. App. 1998). The same logic applies in a case like this where the defendant has already been bound over and the question is which judge will try the case. But without some demonstration that a party has set about to forum shop or at least an articulated reasonable basis for concluding that the party has a motive to forum shop, we will not assume that forum shopping has occurred.

¶21 Here, the record does not indicate that the State engaged in forum shopping in the manner Defendant suggests. Judge Laycock, acting as a magistrate, had ruled in the State's favor at the preliminary hearing after determining that there was sufficient evidence to bind Defendant over for trial. Nothing in the record suggests she had found the question to be a close one or that she had somehow made things difficult for the State. Defendant contends that the State became aware that Judge Laycock had intended to grant a motion by Defendant to quash bindover and further alleges that the State dismissed the charges while planning to later refile for this very reason. However, there is no evidence to support this argument, and there is nothing of record to suggest that Judge Laycock had tipped her hand as to how she intended to rule on the motion. Rather, all we have on the record is that Judge Laycock found sufficient evidence for bindover and subsequently scheduled a trial date. Because the case never progressed beyond that point while assigned to Judge Laycock, she simply had no further involvement with it—certainly no involvement that suggests a motive for the State to engage in forum shopping.

¶22 Defendant has made no other argument for why the State would want to switch the case from Judge Laycock to another judge, but seems to assume as much based only on the State's lack of support for Defendant's motion to have the case moved back to Judge Laycock once it was refiled and assigned to Judge McVey. Without any evidence or reason to believe the State was attempting to shop for a more advantageous forum, we will not simply assume that the State had improper motives.[5]

---

[5]Defense counsel requested that the case be transferred because Judge Laycock was familiar with the case and had already considered some of the motions that were

(continued...)

### III. The State Did Not Violate Defendant's Right to a Speedy Trial.

¶23 Finally, Defendant argues that his right to a speedy trial was violated by allowing the State to dismiss and later refile the charges against him. Defendant calculates that by the time he filed his brief on appeal, he had been under suspicion for nearly three years—sufficient, in his view, for a presumptively prejudicial and unconstitutional delay.

¶24 In determining whether a defendant's right to a speedy trial has been violated, we balance the following factors: (1) we must establish the length of delay, which is a "triggering mechanism" for determining whether a violation possibly occurred; (2) we look to the specific reasons for each individual delay or delays in the case; (3) we note whether the defendant asserted his speedy trial right; and (4) we identify resulting prejudice to the defendant, if any. *See Barker v. Wingo*, 407 U.S. 514, 521, 530 (1972); *State v. Trafny*, 799 P.2d 704, 706 (Utah 1990). Relevant to Defendant's circumstance, we note that "[t]he intervening time between the State's good faith dismissal and subsequent refiling of charges does not implicate a defendant's right to a speedy trial." *State v. Steele*, 2010 UT App 185, ¶ 40, 236 P.3d 161. The reason for this is that the primary purpose of the right to a speedy trial is not "to prevent prejudice to the defense caused by passage of time" but rather "to minimize the possibility of lengthy incarceration prior to trial." *United States v. MacDonald*, 456 U.S. 1, 8 (1982).

¶25 We decline to give Defendant's speedy trial argument plenary consideration because Defendant has failed to discuss the length of and reason for each circumstance of delay. *See Steele*, 2010 UT App 185, ¶¶ 46–47. Rather, Defendant merely asserts that the twenty-nine-month period from the time he was initially charged until he filed his brief is presumptively prejudicial; concedes that a large part of that total delay is due to his filing this interlocutory appeal; and asserts categorically that all other delays are

---

[5](...continued)
pending at the time the case was dismissed. The reasons why the State did not endorse the request are not in the record, but Judge McVey explained that his hesitation to transfer the case was based on a concern about overburdening Judge Laycock when the caseload had already been equitably divided. Judge McVey noted that it is court policy, "one that we've crafted and [one] that seems to be working well," to avoid transferring cases unless the receiving judge already has another case pending for that defendant. Judge McVey was confident that he could quickly get up to speed and was worried that a transfer would "throw [the court's distribution of cases] out of whack again."

"strategic in nature and are intended to harass" Defendant. Defendant bases this latter assertion solely on the fact that the State refiled the case without identifying new evidence. Mere assertions about another party's intentions are not sufficient to provide us "with the parts of the record that are central to the determination of [the] appeal," *Allen v. Friel*, 2008 UT 56, ¶ 10, 194 P.3d 903, and to aid us in "examin[ing] the length of each delay that occurred during the pertinent time period and the reason for the delay," *Steele*, 2010 UT App 185, ¶ 47.

¶26    We are admittedly concerned about the possibility, suggested at oral argument, that the prosecutor sought to dismiss the case due to the State's lack of preparation, with the intention to later refile once the State was able to get its ducks in a row. Had the prosecutor requested an eight-month extension prior to trial for the stated reason of having the opportunity to better prepare, we imagine the request would have been denied outright. And we recognize the possibility that prosecutors could seize upon dismissal without prejudice as a clever way to buy additional time to more fully prepare for trial in a case where they could not secure that opportunity by forthright means. But we do not see any evidence in the record before us that this happened here.

¶27    Further, and most importantly, Defendant did not contemporaneously oppose the State's motion to dismiss without prejudice. In his brief, Defendant argues that because the order did not state whether or not the case was in fact being dismissed with prejudice, it would be absurd to expect Defendant to object to this order because Defendant believed the charges against him were being dismissed with prejudice. We do not suggest that Defendant's failure to object to the order is problematic. It was the State's motion, given that the motion explicitly asked the court to dismiss without prejudice, that should have caused a concerned defendant to speak up if he perceived that the dismissal motion was really just a way for an unprepared prosecutor to secure a continuance that would not have been granted otherwise. Instead, when the State filed its motion to dismiss, Defendant offered no resistance, presumably satisfied that the charges were simply going away, at least for the time being. At that time, Defendant had the opportunity to demand either that the case be dismissed with prejudice or that he be allowed to proceed to trial. Defendant did not take this tack, and it appears that in doing so he wished to have it both ways, allowing the charges to be dismissed without a fuss, while holding onto the opportunity to later claim a violation of due process in the event of refiling.

CONCLUSION

¶28   Rule 25 of the Utah Rules of Criminal Procedure did not require that the court dismiss the charges against Defendant with prejudice. There is no presumption in the rule that a case must be dismissed with prejudice unless it falls within the terms of one of the narrowly described exceptions. The trial court dismissed the case through its discretionary dismissal authority under Rule 25(a). Any error in not stating the reason for doing so was harmless. Further, we conclude that *Brickey* does not apply to this case because the charges were not previously dismissed as a result of a magistrate's determination that there was insufficient evidence to warrant bindover. Defendant's due process rights were not violated when the State refiled the charges against him. Finally, we do not reach the merits of Defendant's speedy trial claim because it is not adequately briefed.

¶29   We affirm the rulings before us on appeal. The case is remanded for trial or such other proceedings as may now be appropriate.


_____
Gregory K. Orme, Judge


-----


¶30   WE CONCUR:


_____
Carolyn B. McHugh,
Presiding Judge


_____
Michele M. Christiansen, Judge


20090863-CA                    13